[Cite as *Morgan Stanley Dean Witter Commercial Fin. Servs., Inc. v. Sutula*, 126 Ohio St.3d 19, 2010-Ohio-2468.]

MORGAN STANLEY DEAN WITTER COMMERCIAL FINANCIAL SERVICES, INC.,

ET AL., APPELLEES, *v.* SUTULA, JUDGE, APPELLANT.

[Cite as *Morgan Stanley Dean Witter Commercial Fin. Servs., Inc. v. Sutula*,

**126 Ohio St.3d 19, 2010-Ohio-2468.**]

*Arbitration — R.C. 2711.02(B) — Claims stayed for arbitration remain pending*

*before court — Civil procedure — Voluntary dismissal — Civ.R. 41(A)(1).*

(No. 2009-2243 — Submitted May 26, 2010 — Decided June 9, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 93156,

185 Ohio App.3d 152, 2009-Ohio-6109.

_____

**Per Curiam.**

**{¶ 1}** We reverse the judgment of the Court of Appeals for Cuyahoga County granting a writ of prohibition to prevent appellant, Cuyahoga County Court of Common Pleas Judge John Sutula, from proceeding on an employment-discrimination claim in *Marks v. Morgan Stanley Dean Witter Commercial Fin. Servs., Inc.*, Cuyahoga Cty. C.P. No. CV-502459, a case in which appellees, Morgan Stanley Dean Witter Commercial Financial Services, Inc., Dean Witter Reynolds, Inc., Linda Cain, Timothy Adkins, George Kolar, and Cindy Deleo, are defendants.

**{¶ 2}** "[W]hen a trial court unconditionally dismisses a case or a case has been voluntarily dismissed under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction." *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 22.

**{¶ 3}** "Civ.R. 41(A) allows for a dismissal of *all claims* against particular defendants," not individual claims. (Emphasis added.) *Pattison v.*

*W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126, ¶ 19-20. Notwithstanding the court of appeals' conclusion that its decision in a previous appeal[1] had left only an employment-discrimination claim against appellees pending, that case merely held that the plaintiff's remaining claims were subject to arbitration. Arbitration does not normally require dismissal of the claims referable to arbitration; it warrants only a stay of those claims pending arbitration. See R.C. 2711.02(B) ("If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration"). There is no indication in the record that Judge Sutula dismissed the remaining claims. Because the purported notice of dismissal filed in this case specifically referred to dismissal of the employment-discrimination claim but made no reference to the other claims that have yet to be dismissed, it failed to dismiss "all claims" for purposes of Civ.R. 41(A).

{¶ 4} Therefore, because not all of plaintiff's case was dismissed when the plaintiff attempted to voluntarily dismiss his employment-discrimination claim against appellees, the court of appeals erred in holding that Judge Sutula patently and unambiguously lacked jurisdiction to proceed in the underlying case pursuant to Civ.R. 41(A)(1)(a).

Judgment reversed.

---

1. See *Marks v. Morgan Stanley Dean Witter Commercial Fin. Servs., Inc.*, Cuyahoga App. No. 88948, 2008-Ohio-1820, ¶ 91 (all claims raised by plaintiffs except their employment-discrimination claim were subject to arbitration).

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Ulmer & Berne, L.L.P., Ronald H. Isroff, and Natalie M. Hostacky, for appellees.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellant.

_____