INFINITE SECURITY SOLUTIONS, L.L.C., APPELLEE,
*v.* KARAM PROPERTIES II, LTD., APPELLEE.

TRAVELERS INDEMNITY COMPANY, APPELLANT, *v.* INFINITE
SECURITY SOLUTIONS, L.L.C., APPELLEE.

[Cite as *Infinite Security Solutions, L.L.C. v. Karam Properties II, Ltd.*, 143 Ohio St.3d 346, 2015-Ohio-1101.]

(Nos. 2013–1671 and 2013–1795—Submitted July 9, 2014—Decided March 26, 2015.)

FRENCH, J.

{¶ 1} In these consolidated appeals, we consider a trial court's authority to retain jurisdiction when it dismisses a civil case to thereafter enforce a settlement agreement between the parties. In case No. 2013–1671, we have accepted the following certified-conflict question: "[Is] a dismissal entry that does not either embody the terms of a settlement agreement or expressly reserve jurisdiction to the trial court to enforce the terms of a settlement agreement * * * an unconditional dismissal?" 137 Ohio St.3d 1471, 2014-Ohio-176, 2 N.E.3d 267. We have also accepted a related discretionary appeal, case No. 2013–1795, in which appellant, the Travelers Indemnity Company ("Travelers"), asserts the following proposition of law:

> A trial court's entry of dismissal that (1) states [that] the parties have resolved their differences or have arrived at a settlement agreement, (2) states that the dismissal is without prejudice, (3) permits the submission

by the parties of a final entry of dismissal, and * * * (4) provides a time-frame for the filing of any final entry of dismissal, is a conditional dismissal that does not divest the trial court of jurisdiction to consider and enforce the terms of the settlement agreement.

{¶ 2} Both the conflict question and the proposition of law presume a trial court's authority to "conditionally" dismiss a civil action and thereby retain jurisdiction for further proceedings. In this opinion, we reject the notion of a "conditional" dismissal, but we hold that a trial court may, when it dismisses a civil action upon notification that the parties have settled, expressly retain jurisdiction for the specific purpose of enforcing the settlement agreement.

*Factual and Procedural Background*

{¶ 3} These appeals stem from two cases filed in the Lucas County Court of Common Pleas. Both cases involve claims that arose as a result of a fire at the Hunter's Ridge apartment complex in Toledo, Ohio.

{¶ 4} The first case was filed by appellee Infinite Security Solutions, L.L.C. ("Infinite"), against Karam Properties I, Ltd. ("Karam I"), and appellee Karam Properties II, Ltd. ("Karam II"), to recover for security services that Infinite provided at the Hunter's Ridge complex pursuant to a contract with Karam Managed Properties, L.L.C. Karam I and Karam II answered Infinite's complaint, but urged that Toledo Properties, L.L.C., was the proper defendant. Karam I and Karam II also filed a counterclaim against Infinite, purportedly on behalf of Toledo Properties, to recover for the portion of the damage resulting from the Hunter's Ridge fire that was not covered by insurance. The counterclaim alleged that Infinite negligently permitted the use of fireworks, which caused the fire.

{¶ 5} In an amended complaint, Infinite eliminated Karam I as a defendant. The trial court granted Infinite leave to file a second amended complaint naming Karam Managed Properties and Toledo Properties as defendants, but Infinite did not do so.

{¶ 6} Travelers filed the second case against Infinite. Travelers alleged that as a result of the fire, it paid approximately $8.9 million under an insurance policy issued to Karam Managed Properties, which managed the Hunter's Ridge complex, and Toledo Properties, which owned the complex. Travelers claimed that, to the extent of its payments under the policy, it was subrogated to its insureds' rights, claims, and causes of action against Infinite.

{¶ 7} The trial court consolidated the two cases.

{¶ 8} On May 19, 2011, during a pretrial settlement conference, the parties orally agreed to settle their claims. They agreed that Infinite would pay a fixed sum to settle all the claims against it and informed the trial court that they had

resolved all issues except how to split the settlement money. The parties stated that they would attempt to resolve their competing claims to the settlement funds but that they would submit the issue to the trial court if they were unable to agree.

{¶ 9} Lucas County Gen.R. 5.05(F) affords a litigant's counsel 30 days following settlement of a case to submit a dismissal entry before "the judge may order the case dismissed for want of prosecution or file an order of settlement and dismissal and assess costs." Nevertheless, on May 26, 2011, just one week after the parties agreed to settle, the trial court sua sponte filed a dismissal entry, which stated, "Parties having represented to the court that their differences have been resolved, this case is dismissed without prejudice, with the parties reserving the right to file an entry of dismissal within thirty (30) days of this order."

{¶ 10} Travelers filed a motion to set aside the dismissal entry pursuant to Civ.R. 60(B) on June 20, 2011. Travelers argued that the dismissal was a mistake because "the settlement had not been finalized, no monies exchanged hands, no papers were exchanged or signed and the remaining outstanding issue of the priority/apportionment of the proceeds between Travelers and Karam ha[d] not been resolved." Travelers asked the trial court to vacate the dismissal entry pursuant to Civ.R. 60(B)(1) and to reopen the case to decide the priority issue. Karam II, along with nonparties Karam Managed Properties and Toledo Properties, opposed Travelers' motion, arguing that the trial court lacked jurisdiction to decide the priority issue because it arose after the final settlement agreement and was the subject of a pending federal lawsuit. Infinite, on the other hand, filed a motion to enforce the settlement agreement and for an order permitting it to pay the agreed-upon settlement amount to the court.

{¶ 11} At a hearing on Travelers' motion, the trial judge emphasized that the May 26, 2011 dismissal was without prejudice and functioned as "a placeholder entry, pending submission of whatever the final entry is." On October 12, 2012, the trial court denied both Travelers' and Infinite's motions as moot. The court held that its dismissal was conditional, that it retained jurisdiction to determine the priority issue without vacating the dismissal entry, and that Travelers' claim to the settlement funds had priority. The trial court ordered Infinite to forward all but $25,000 of the settlement funds to Travelers and ordered the parties to complete and execute a settlement agreement and release within 30 days.

{¶ 12} Karam II, along with nonparties Karam I, Karam Managed Properties, and Toledo Properties (collectively, "Karam"), filed a notice of appeal. Karam argued that the trial court lacked subject-matter jurisdiction after dismissing the cases, lacked authority to decide the priority issue because it was not raised in either the pleadings or the settlement agreement, and erred in its reading of the Travelers policy.

{¶ 13} The Sixth District Court of Appeals agreed that the trial court lacked jurisdiction to enter the October 12, 2012 judgment because of its prior dismissal. The court of appeals held that the May 26, 2011 entry, which "unequivocally dismissed the action," was "unconditional" because it neither incorporated the terms of the parties' settlement nor expressly retained jurisdiction to enforce the settlement agreement. 2013-Ohio-4415, 2 N.E.3d 297, ¶ 16–17 (6th Dist.). The court of appeals therefore concluded that the dismissal had relieved the trial court of jurisdiction, and it dismissed Karam's appeal for lack of a final, appealable order. Travelers filed a discretionary appeal in this court, and we accepted it. 137 Ohio St.3d 1473, 2014-Ohio-176, 2 N.E.3d 268.

{¶ 14} Pursuant to Article IV, Section 3(B)(4) of the Ohio Constitution, the Sixth District certified its judgment as in conflict with *Estate of Berger v. Riddle,* 8th Dist. Cuyahoga Nos. 66195 and 66200, 1994 WL 449397 (Aug. 18, 1994), and *Hines v. Zofko,* 11th Dist. Trumbull No. 93–T–4928, 1994 WL 117110 (Mar. 22, 1994), on the following question: "[Is] a dismissal entry that does not either embody the terms of a settlement agreement or expressly reserve jurisdiction to the trial court to enforce the terms of a settlement agreement * * * an unconditional dismissal?" 2013-Ohio-4415, 2 N.E.3d 297, at ¶ 22. In *Berger* and *Hines,* the courts characterized dismissal entries as conditional when the entries stated that all claims were settled and dismissed, even though the entries did not incorporate the terms of the settlements or expressly retain jurisdiction.

{¶ 15} This court consolidated the certified-conflict case and Travelers' discretionary appeal. 137 Ohio St.3d 1471, 2014-Ohio-176, 2 N.E.3d 267.

*Analysis*

{¶ 16} A settlement agreement is a contract designed to terminate a claim by preventing or ending litigation. *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.,* 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996). The law highly favors settlement agreements, *id.,* and a trial judge generally has discretion to promote and encourage settlements to prevent litigation, *Rulli v. Fan Co.,* 79 Ohio St.3d 374, 376, 683 N.E.2d 337 (1997). Because a settlement agreement constitutes a binding contract, a trial court has authority to enforce the agreement in a pending lawsuit. *Mack v. Polson Rubber Co.,* 14 Ohio St.3d 34, 36, 470 N.E.2d 902 (1984), citing *Spercel v. Sterling Indus., Inc.,* 31 Ohio St.2d 36, 285 N.E.2d 324 (1972), syllabus.

{¶ 17} Many of Ohio's common pleas courts, including the trial court here, have addressed within their local rules the procedure the parties and the trial court should follow once the parties reach a settlement in a civil case. *See, e.g.,* Loc.R. 4.02 of the Court of Common Pleas of Allen County, General Division; Loc.R. 10 of the Court of Common Pleas of Ashtabula County, General Division; Loc.R. 7(B) of the Court of Common Pleas of Clinton County, General Division; Loc.R.

25.03 of the Court of Common Pleas of Franklin County, General Division; Loc.R. 4.04(B) of the Court of Common Pleas of Fulton County, General Division; Lucas County Gen.R. 5.05(F); Loc.R. 10(A) of the Court of Common Pleas of Medina County, General Division; Loc.R. 6.02 of the Court of Common Pleas of Miami County, General Division; Loc.R. 13.03 of the Court of Common Pleas of Union County, General Division. Many of the local rules, including the Lucas County rule, operate in the same manner; with minor variations, they provide counsel a stated period of time following a notification of settlement to submit a final dismissal entry and state that if counsel fails to do so, the trial court may file its own dismissal entry, generally for want of prosecution. In our view, that is the best and preferred procedural practice for concluding a civil case following an agreement among the parties to settle.

{¶ 18} Using that procedure, a case remains pending following notification of settlement until counsel submits a notice of dismissal or, after a stated period of time, the trial court files a dismissal entry. The resulting delay allows the parties to finalize and execute their agreement and necessary releases while the trial court still has jurisdiction over the parties and their pending claims.

{¶ 19} Even when their local rules provide otherwise, however, trial courts often issue what they refer to as "conditional" dismissals. The Sixth District here described a conditional dismissal as a dismissal that depends on a stated event, like compliance with a settlement agreement, the failure of which will trigger a resurrection of the court's jurisdiction. 2013-Ohio-4415, 2 N.E.3d 297, ¶ 11. An unconditional dismissal, on the other hand, includes no triggering event and deprives the court of jurisdiction to enforce a settlement agreement. *Showcase Homes, Inc. v. Ravenna Savs. Bank,* 126 Ohio App.3d 328, 710 N.E.2d 347 (3d Dist.1998).

{¶ 20} Here, both the trial court and the court of appeals focused on whether the trial court's dismissal was conditional or unconditional as the linchpin for determining whether the trial court retained jurisdiction to enforce the parties' settlement agreement. And both the certified-conflict question and Travelers' proposition of law presume that the trial court had jurisdiction to decide the priority issue so long as its May 26, 2011 dismissal was conditional.

{¶ 21} The focus on conditionality is consistent with opinions of other Ohio appellate districts. *See, e.g., State ex rel. Spies v. Lent,* 5th Dist. Tuscarawas No. 2008 AP 05 0033, 2009-Ohio-3844, 2009 WL 2374293, ¶ 46; *Econo Prods., Inc. v. Bedell,* 9th Dist. Summit No. 17117, 1995 WL 553203 (Sept. 20, 1995). Those courts, in turn, rely on authority from this court stating that a trial court loses authority to proceed when it unconditionally dismisses a case. *See State ex rel. Rice v. McGrath,* 62 Ohio St.3d 70, 71, 577 N.E.2d 1100 (1991). *See also Morgan Stanley Dean Witter Commercial Fin. Servs., Inc. v. Sutula,* 126 Ohio St.3d 19,

2010-Ohio-2468, 929 N.E.2d 1060, ¶ 2, quoting *State ex rel. Hummel v. Sadler,* 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 22 (trial court patently and unambiguously lacks jurisdiction following an unconditional dismissal or a voluntary dismissal).

{¶ 22} But the Ohio Rules of Civil Procedure do not provide for a conditional dismissal. Instead, Civ.R. 41 provides for voluntary or involuntary dismissals and for dismissals with or without prejudice. And although we have stated that a court loses jurisdiction when it dismisses a case "unconditionally," we have never expressly held that a court may "conditionally" dismiss a case. Neither have we defined what "conditional dismissal" means or under what circumstances such a dismissal is appropriate. Faced with those questions here, we reject the notion of a "conditional" dismissal and focus more precisely on the fundamental question of whether, and if so, how, a trial court may retain jurisdiction after a dismissal for purposes of enforcing a settlement agreement.

{¶ 23} Despite differing approaches, several Ohio appellate courts have accepted, as a fundamental principle, that a court may, in some circumstances, dismiss an action while retaining authority to enforce an underlying settlement agreement. *See, e.g., Grace v. Howell,* 2d Dist. Montgomery No. 20283, 2004-Ohio-4120, 2004 WL 1753386, ¶ 12; *Connolly v. Studer,* 7th Dist. Carroll No. 07 CA 846, 2008-Ohio-1526, 2008 WL 850169, ¶ 17 (court had authority to enforce settlement when dismissal with prejudice incorporated agreement and specifically retained jurisdiction to enforce it). Additionally, the United States Supreme Court has held that following a dismissal with prejudice under Fed.R.Civ.P. 41(a)(1)(ii), a district court may have ancillary jurisdiction over disputes arising out of a settlement agreement "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

{¶ 24} Other states that have grappled with this issue have reached differing conclusions. *See Condon v. Condon,* 177 Wash.2d 150, 298 P.3d 86, ¶ 18 (2013) ("best practice" would be for a trial court to expressly retain jurisdiction for purposes of enforcement or enter a delayed dismissal); *Dir. of Ins. v. A & A Midwest Rebuilders, Inc.,* 383 Ill.App.3d 721, 725, 322 Ill.Dec. 485, 891 N.E.2d 500 (2008) (court may expressly retain jurisdiction to enforce a settlement agreement in a dismissal entry); *Paulucci v. Gen. Dynamics Corp.,* 842 So.2d 797, 803 (Fla.2003) (court has continuing jurisdiction to enforce a settlement agreement when it approves the agreement by order and expressly retains jurisdiction to enforce its terms). *But see In re Vaishangi, Inc.,* 57 Tex.Sup.Ct.J.

690, 442 S.W.3d 256 (2014) (parties cannot reinvest the court with jurisdiction to enforce a settlement agreement); *SFPP, L.P. v. Second Judicial Dist. Court*, 123 Nev. 608, 173 P.3d 715 (2007) (final dismissal deprives court of jurisdiction; parties cannot contract to extend court's jurisdiction); *Russell v. Bd. of Cty. Commrs. of Carter Cty.*, 2000 OK CIV APP 21, 1 P.3d 442, ¶ 2, fn. 1 ("Where a case is dismissed as part of the settlement, the trial court loses jurisdiction to enforce the settlement"). California has addressed this issue in its civil rules and permits courts, upon the parties' request, to retain jurisdiction to enforce a settlement agreement following dismissal. Cal.Civ.Proc.Code 664.6.

{¶ 25} We agree with those jurisdictions that allow a court to retain jurisdiction after a dismissal in order to enforce an underlying settlement agreement. Therefore, we hold that, as a general principle, a trial court may retain jurisdiction to enforce a settlement agreement when it dismisses a civil case. Retaining jurisdiction provides the most efficient means of enforcing the agreement. It keeps the matter in the court most familiar with the parties' claims, if not their settlement positions. And it keeps the parties from having to file another action. The question, then, is how retention of jurisdiction is achieved.

{¶ 26} Travelers, with support from decisions in four Ohio appellate districts, contends that a dismissal entry need only allude or refer to a settlement for the dismissal to be conditional. *See Henneke v. Glisson*, 12th Dist. Clermont No. CA2008–03–034, 2008-Ohio-6759, 2008 WL 5329993, ¶ 18; *State ex rel. Spies*, 5th Dist. Tuscarawas No. 2008 AP 05 0033, 2009-Ohio-3844, 2009 WL 2374293, ¶ 47; *Estate of Berger*, 8th Dist. Cuyahoga Nos. 66195 and 66200, 1994 WL 449397; *Hines*, 11th Dist. Trumbull No. 93–T–4928, 1994 WL 117110. Karam, with support from decisions in seven appellate districts, including the Sixth District in this case, contends that in order for a court to enforce a settlement following a dismissal, the dismissal entry must either incorporate the settlement agreement or expressly state that the court retains jurisdiction to enforce the settlement. *See Said v. Admr., Bur. of Workers' Comp.*, 1st Dist. Hamilton Nos. C–130355 and C–130360, 2014-Ohio-841, 2014 WL 888964, ¶ 10; *Bugeja v. Luzik*, 7th Dist. Mahoning No. 06 MA 50, 2007-Ohio-733, 2007 WL 547770, ¶ 8; *Smith v. Nagel*, 9th Dist. Summit No. 22664, 2005-Ohio-6222, 2005 WL 3117200, ¶ 6; *Grace*, 2d Dist. Montgomery No. 20283, 2004-Ohio-4120, 2004 WL 1753386, ¶ 13; *Showcase Homes, Inc.*, 126 Ohio App.3d at 331, 710 N.E.2d 347 (3d Dist.); *Hart v. Smolak*, 10th Dist. Franklin No. 94APE12–1808, 1995 WL 518849 (Sept. 5, 1995). We agree, generally, with Karam and the majority of appellate courts that have addressed this question.

{¶ 27} Courts have inherent authority to enforce their final judgments and decrees. *Rieser v. Rieser*, 191 Ohio App.3d 616, 2010-Ohio-6227, 947 N.E.2d 222, ¶ 5 (2d Dist.); *In re Whallon*, 6 Ohio App. 80, 83 (1st Dist.1915). Courts also

have the authority "to enter judgment by consent of the parties for the purpose of executing a compromise and settlement of the claims for relief in an action." *Grace* at ¶ 9. In a consent decree, the litigants stipulate to the termination of a lawsuit by assenting to specified terms, which the court agrees to enforce as its judgment by journalizing an entry reflecting the terms of the settlement agreement. *Id.* When the court incorporates the terms of the parties' settlement agreement into a consent decree, the court can enforce those terms as its judgment. *Nippon Life Ins. Co. of Am. v. One Source Mgt., Ltd.,* 6th Dist. Lucas No. L–10–1247, 2011-Ohio-2175, 2011 WL 1782089, ¶ 16.

{¶ 28} But as Travelers and the amicus argue, parties may wish to shield the terms of their settlement agreements from public scrutiny for a variety of reasons, and requiring that settlement terms be incorporated into a dismissal entry may discourage parties from settling. While parties must make the fact of their settlement agreement known to the court, and may for many reasons want to incorporate the terms of the settlement into the entry, the court is not *required* to incorporate the terms of the settlement into the entry in order for the court to retain jurisdiction to enforce that agreement. Having declined to require the inclusion of the terms of the settlement agreement itself, we come to the critical question of how a court should express its intention to retain jurisdiction for the purpose of enforcing the settlement agreement when the terms are not incorporated in the dismissal. Two principles are important here.

{¶ 29} First, a court speaks only through its journal entries. *State ex rel. Worcester v. Donnellon,* 49 Ohio St.3d 117, 118, 551 N.E.2d 183 (1990). Neither the parties nor a reviewing court should have to review the trial court record to determine the court's intentions. Rather, the entry must reflect the trial court's action in clear and succinct terms.

{¶ 30} Second, a court's judgment entry is presumed to be final. *Ohio Pyro, Inc. v. Ohio Dept. of Commerce,* 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 24. The principle of finality "requires that there be some end to every lawsuit, thus producing certainty in the law and public confidence" in the legal system. *Knapp v. Knapp,* 24 Ohio St.3d 141, 144–145, 493 N.E.2d 1353 (1986) (lead opinion). Absent a clear indication that the trial court intends to retain jurisdiction to enforce the parties' settlement agreement, parties must be entitled to rely on the finality of the court's action, subject to any right the plaintiff may have to refile the claims.

{¶ 31} We also recognize, however, that requiring specific or hypertechnical language is inefficient and counterproductive. As Karam suggests, the following language in a dismissal entry would suffice: "The court hereby retains jurisdiction to enforce the settlement agreement reached between the parties." If there is uncertainty as to the terms of the settlement agreement, the court should hold

a hearing to determine whether an enforceable agreement exists. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 17 (lead opinion), citing *Rulli*, 79 Ohio St.3d at 376–377, 683 N.E.2d 337.

{¶ 32} Applying these principles here, we agree with the Sixth District Court of Appeals that the trial court's May 26, 2011 dismissal entry did not retain jurisdiction to enforce the parties' settlement agreement. As the basis for its dismissal, the trial court simply acknowledged the parties' representation that they had resolved their differences. Although the dismissal entry reserved to the parties the right to file a second dismissal entry within 30 days, the trial court did not expressly retain jurisdiction to enforce the underlying settlement agreement or to conduct any further proceedings in relation to the cases. Nor did the court purport to condition its dismissal on the parties' filing of a later entry. Therefore, we agree with the Sixth District that the May 26, 2011 entry divested the trial court of jurisdiction and precluded further proceedings, including the October 12, 2012 judgment from which Karam appealed.

## Civ.R. 60(B)

{¶ 33} Although the trial court lacked jurisdiction to decide unresolved issues pertaining to settlement after it dismissed the underlying cases, Travelers moved the trial court for an order vacating the dismissal entry, pursuant to Civ.R. 60(B). The trial court denied Travelers' motion as moot, based on its erroneous determination that it retained jurisdiction to conduct further proceedings despite the dismissal. Because neither the trial court nor the court of appeals has considered Travelers' entitlement to relief under Civ.R. 60(B), we do not determine that issue here. Instead, we remand the cause to the trial court for it to determine whether Travelers is entitled to relief under Civ.R. 60(B).

## Conclusion

{¶ 34} With respect to the certified-conflict question, we disavow reliance upon the conditional/unconditional dichotomy to determine whether a trial court has jurisdiction to enforce a settlement agreement following dismissal. A trial court has jurisdiction to enforce a settlement agreement after a case has been dismissed only if the dismissal entry incorporated the terms of the agreement or expressly stated that the court retained jurisdiction to enforce the agreement. Because the trial court's dismissal entry did not incorporate the terms of the settlement agreement or expressly state that the court was retaining jurisdiction to enforce the settlement agreement, we agree with the court of appeals that the entry divested the trial court of jurisdiction and precluded further proceedings, including the October 12, 2012 judgment from which Karam appealed. Accordingly, we affirm the court of appeals' judgment dismissing Karam's appeal, and

we remand this matter to the Lucas County Court of Common Pleas for further proceedings, including a determination of Travelers' Civ.R. 60(B) motion.

Judgment affirmed
and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, and O'NEILL, JJ., concur.

KENNEDY, J., dissents.

---

**KENNEDY, J., dissenting.**

{¶ 35} Respectfully, I dissent. In my view, because the trial court lacked the authority to issue the dismissal entry under either Civ.R. 41 or Lucas County Gen.R. 5.05(F), this court should not reach the issue presented. I would dismiss case No. 2013-1671 as having been improvidently certified. The two cases that were certified by the court of appeals as being in conflict with this case do not squarely present the same issue for review, as they do not definitively demonstrate that the dismissal entries were issued without authority. Turning to the discretionary appeal (case No. 2013-1795), I would hold that the trial court committed reversible error as it lacked authority under Civ.R. 41 and Lucas County Gen.R. 5.05(F) to issue an entry of dismissal, and I would reverse the judgment of the Sixth District and remand the matter to the trial court with instructions to vacate the dismissal entry.

{¶ 36} The salient facts in this case are as follows. On May 19, 2011, appellees, Infinite Security Solutions, L.L.C. ("Infinite"), and Karam Properties II, Ltd., and appellant, the Travelers Indemnity Company ("Travelers"), notified the trial court that they had settled their claims, except for the issue of how to split the settlement money. Lucas County Gen.R. 5.05(F) affords a litigant's counsel 30 days following settlement of a case to submit a dismissal entry before "the judge may order the case dismissed for want of prosecution or file an order of settlement and dismissal and assess costs." Nevertheless, on May 26, 2011, just one week after the parties agreed to settle, the trial court sua sponte filed a dismissal entry, which stated, "Parties having represented to the court that their differences have been resolved, this case is dismissed without prejudice, with the parties reserving the right to file an entry of dismissal within thirty (30) days of this order."

{¶ 37} In my view, the majority's analysis is misdirected. In cases in which a trial court sua sponte issues a dismissal entry after notification of settlement, our analysis should begin with a determination whether the trial court had authority to dismiss the case. The question whether the trial court properly retained jurisdiction to enforce the settlement agreement is reached only if we determine

that the dismissal was proper. In this case, because the trial court lacked authority to issue the dismissal entry, the trial court committed reversible error.

{¶ 38} Civ.R. 41 provides for two types of dismissals, voluntary, Civ.R. 41(A), and involuntary, Civ.R. 41(B). The trial court did not proceed under either Civ.R. 41(A) or (B).

{¶ 39} Civ.R. 41(A) provides two methods for voluntary dismissal: by a plaintiff under Civ.R. 41(A)(1) and by order of the court under Civ.R. 41(A)(2). Dismissals pursuant to Civ.R. 41(A)(1) may be effected by the plaintiff, under certain circumstances, without an order from the court. As neither Infinite nor Travelers filed a notice of dismissal in this case, Civ.R. 41(A)(1) does not apply.

{¶ 40} Civ.R. 41(A)(2) permits a plaintiff who cannot voluntarily dismiss pursuant to Civ.R. 41(A)(1) to move the court for an order dismissing the action without prejudice. A plaintiff must file a motion for an action to be dismissed pursuant to Civ.R. 41(A)(2). Accordingly, the dismissal order in this case was not based on the authority of Civ.R. 41(A)(2), as neither Infinite nor Travelers moved the court to dismiss the action.

{¶ 41} Furthermore, the dismissal entry was not issued pursuant to Civ.R. 41(B). Civ.R. 41(B)(1) permits a trial court, after notice to the plaintiff, to dismiss sua sponte an action when "the plaintiff fails to prosecute, or comply with [the civil] rules or any court order." A trial court enters a dismissal under Civ.R. 41(B)(1) to penalize the plaintiff. 2 James M. Klein and Stanton G. Darling II, *Civil Practice*, Section 41:30, 244 (2d Ed.2004). In this matter, there was no reason to penalize either Infinite or Travelers, as neither had failed to prosecute or comply with the rules or any order of the court. Furthermore, Civ.R. 41(B)(2), permitting a trial court to dismiss a plaintiff's action after the plaintiff, in a nonjury trial, has completed presentation of its evidence, is inapplicable under the current facts.

{¶ 42} Accordingly, by dismissing the action, the trial court committed reversible error. *See Logsdon v. Nichols*, 72 Ohio St.3d 124, 647 N.E.2d 1361 (1995) (a trial court's ex parte granting of a motion to dismiss pursuant to Civ.R. 41(A)(2) is reversible error); *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 453 N.E.2d 648 (1983) (trial court's failure to provide notice to plaintiff, or plaintiff's counsel, prior to dismissal pursuant to Civ.R. 41(B)(1) was an abuse of discretion).

{¶ 43} Turning to Lucas County Gen.R. 5.05(F), its express terms provided litigant's counsel 30 days from May 19, 2011, to submit an order of dismissal. Only if the parties failed to present an order of dismissal within 30 days was the trial court authorized to order the case dismissed. It is undisputed that the trial court did not provide the parties the time permitted by Lucas County Gen.R. 5.05(F).

{¶ 44} The courts in this state are entitled to adopt rules concerning local practice in their respective courts. Article IV, Section 5(B), Ohio Constitution. A trial court's interpretation or application of its local rules is reviewed for an abuse of discretion. *Michaels v. Michaels,* 9th Dist. Medina No. 07CA0058–M, 2008-Ohio-2251, 2008 WL 2003806, ¶ 13. While a court is to adhere to its local rules, " 'there is no error when, in its sound discretion, the court decides that the peculiar circumstances of a case require deviation from its own rules.' " *Yanik v. Yanik,* 9th Dist. Summit No. 21406, 2003-Ohio-4155, 2003 WL 21804802, ¶ 9, quoting *Lorain Cty. Bank v. Berg,* 9th Dist. Lorain No. 91CA005183, 1992 WL 174633 (July 22, 1992). An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 45} There were no peculiar circumstances present in this case. In explaining the dismissal entry, the trial court stated that it was "a placeholder entry, pending submission of * * * the final entry * * * once [the parties] finalized everything, and this is why the language reads the way it is and why the case was dismissed without prejudice." This explanation does not describe a peculiar circumstance that supports a deviation from Lucas County Gen.R. 5.05(F). Therefore, the trial court acted arbitrarily by not adhering to Lucas County Gen.R. 5.05(F) and the dismissal was reversible error.

{¶ 46} As demonstrated in *Logsdon,* 72 Ohio St.3d 124, 647 N.E.2d 1361, our initial focus must be on whether the trial court acted within the bounds of its authority under the Ohio Rules of Civil Procedure and local rules. In *Logsdon,* the trial court signed and filed a dismissal entry at the plaintiffs' request pursuant to Civ.R. 41(A)(2). *Id.* at 125. However, opposing counsel had not been given notice and an opportunity to respond. *Id.* Upon recognizing that it had not followed the proper procedure in dismissing the case, the trial court sua sponte signed and filed a second entry vacating the first entry. *Id.* On appeal, we adopted the court of appeals' conclusion that a trial court retains, "in some instances, the jurisdiction to deal with a dismissal entry improperly filed." *Id.* at 127.

{¶ 47} Since the trial court lacked the authority to issue the dismissal entry here, I would reverse the judgment of the Sixth District and remand the cause to the trial court with instructions to vacate the dismissal entry and for further proceedings.

{¶ 48} I would also encourage the Commission on the Rules of Practice and Procedure to propose amendments to Civ.R. 41 that would empower the parties to have an active involvement in the procedure that dismisses their cause of

action upon a settlement. Perhaps California's civil rule could be used as a model. Cal.Civ.Proc.Code 664.6 states:

> If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement.

{¶ 49} The rule's restriction that a trial court may enter judgment upon settlement only on the motion of a party places everyone on notice that a judgment may be entered. Additionally, the burden is on the parties to request that the court retain jurisdiction to enforce the settlement, thereby letting them determine whether the court retains jurisdiction after dismissal.

{¶ 50} The commission will be able to review the effects of Civ.R. 41 and recommend the necessary changes after careful study, and this court can then amend the rule after public comment.

{¶ 51} Accordingly, I respectfully dissent.

---

Davis & Young and Paul D. Eklund, for appellant.

Kisling, Nestico & Redick, L.L.C., John J. Reagan, Alberto R. Nestico, and Christopher J. Van Blargan, for appellees.

Smith, Rolfes & Skavdahl Co., L.P.A., Jerome F. Rolfes, and Amanda M. Rieger, urging reversal for amicus curiae, the Ohio Association of Civil Trial Attorneys.