[Cite as *Clark Cty. Bd. of Commrs. v. Hardlines Design Co.*, 2021-Ohio-1832.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| BOARD OF COUNTY COMMISSIONERS OF CLARK COUNTY | : | |
| | : | |
| | : | Appellate Case No. 2020-CA-63 |
| | : | |
| Plaintiff-Appellant | : | Trial Court Case No. 2020-CV-253 |
| | : | |
| v. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| HARDLINES DESIGN COMPANY | : | |
| | : | |
| Defendant-Appellee | | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of May, 2021.

. . . . . . . . . . .

BEAU P. THOMPSON, Atty. Reg. No. 0093688, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellant

DAVID T. PATTERSON, Atty. Reg. No. 0007454 and FREDERICK T. BILLS, Atty. Reg. No. 0083833, 10 West Broad Street, Suite 2400, Columbus, Ohio 43215
      Attorneys for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} The Board of County Commissioners of Clark County ("Clark County") appeals the dismissal of its complaint under Civ.R. 12(B)(6) for failure to state a claim on which relief can be granted. We agree that the complaint should not have been dismissed. The judgment of the trial court will be reversed and remanded.

## I. Factual and Procedural Background

{¶ 2} On July 8, 2020, Clark County filed an action against Hardlines Design Company, claiming that the county had overpaid Hardlines $164,060 under a 2015 contract for architectural services.[1] On August 14, Hardlines filed a motion to dismiss under Civ.R. 12(B)(6). Hardlines argued, among other things, that Clark County had waived its claim under a provision in the contract stating that a party waived all claims that were not commenced in accordance with the parties' agreement. According to Hardlines, the waiver provision of the contract applied because the county had failed to follow the contract's dispute-resolution procedure, which required mediation of a dispute before a claim could be brought in court. The county had never pursued mediation. Alternatively, Hardlines asked the trial court to stay the proceedings and compel mediation.

{¶ 3} On September 18, 2020, Clark County responded. It argued that its claim was not one "arising out of or related to this Agreement" but was a dispute about Hardlines's billing practices generally. The county also argued that if the contract's dispute-resolution procedure applied, the trial court should stay the proceedings and allow

---

[1] The claim was referred to as a claim for unjust enrichment in the complaint, but in a later filing, Clark County referred to it as a claim for breach of contract.

the parties to follow them. Hardlines filed a motion to strike the county's response as untimely, because the county had filed its response three weeks after the 14-day deadline for responses in Civ.R. 6(C)(1).

{¶ 4} On October 27, 2020, the trial court sustained Hardlines's motion to dismiss. The court found that Clark County had failed to timely respond to Hardlines's motion to dismiss. Finding that the county had failed to seek mediation, the court also concluded that the county has contractually waived its claim against Hardlines. The trial court dismissed Clark County's complaint with prejudice.

{¶ 5} The county appeals.

## II. Analysis

{¶ 6} The sole assignment of error alleges:

The trial court abused its discretion when it dismissed Plaintiff Board of County Commissioners of Clark County's Complaint with Prejudice.

{¶ 7} "An order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review." (Citation omitted.) *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. "The factual allegations of the complaint and items properly incorporated therein must be accepted as true. Furthermore, the plaintiff must be afforded all reasonable inferences possibly derived therefrom. It must appear beyond doubt that plaintiff can prove no set of facts entitling her to relief." (Citations omitted.) *Vail v. Plain Dealer Publishing Co.*, 72 Ohio St.3d 279, 280, 649 N.E.2d 182 (1995). "In reviewing whether a motion to dismiss should be granted, we accept as true all factual allegations in the complaint." *Rossford* at ¶ 5, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

{¶ 8} The interpretation and construction of a written contract are questions of law. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978), paragraph one of the syllabus, which are reviewed de novo, *Gatling Ohio, LLC v. Allegheny Energy Supply Co., LLC*, 2018-Ohio-3636, 120 N.E.3d 392, ¶ 12 (10th Dist.), citing *Long Beach Assn. v. Jones*, 82 Ohio St.3d 574, 576, 697 N.E.2d 208 (1998).

{¶ 9} "The purpose of contract construction is to discover and effectuate the intent of the parties. The intent of the parties is presumed to reside in the language they chose to use in their agreement." *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 313, 667 N.E.2d 949 (1996). *See also MRC Innovations, Inc. v. Lion Apparel, Inc.*, 2020-Ohio-694, 152 N.E.3d 513 (2d Dist.), quoting *Ohio N. Univ. v. Charles Constr. Servs., Inc.*, 155 Ohio St.3d 197, 2018-Ohio-4057, 120 N.E.3d 762, ¶ 11 ("The role of a court in interpreting a contract ' "is to give effect to the intent of the parties to the agreement." ' ").

{¶ 10} Our interpretive task focuses on Section 8.1.1 of the parties' contract:

The Owner and Architect shall commence all claims and causes of action, whether in contract, tort, or otherwise, against the other arising out of or related to this Agreement in accordance with the requirements of the method of binding dispute resolution selected in this Agreement within the period specified by applicable law. The Owner and Architect waive all claims and causes of action not commenced in accordance with this Section 8.1.1.

The "method of binding dispute resolution" is selected in Section 8.2.4, which states that "[i]f the parties do not resolve a dispute through negotiation the method of binding dispute resolution shall be * * * [l]itigation in a court of competent jurisdiction, as set forth in Section 10.1." Section 10.1 simply selects Clark County Common Pleas Court as the

forum for litigation by stating "jurisdiction of any disputes that arise in connection with this Agreement that are not settled through negotiation will be the Court of Common Pleas for Clark County, Ohio." Because "the method of binding dispute resolution" is litigation in Clark County, the clause providing for waiver of claims "not commenced in accordance with this Section 8.1.1" literally means that waiver only applies to litigation claims filed beyond the applicable statute of limitations and outside of Clark County Common Pleas Court. The waiver provision does not incorporate the remaining alternate dispute resolution clauses of the contract.

{¶ 11} Undoubtedly, the remaining clauses of the contract's dispute-resolution procedure proscribe a preference for, and a requirement for, negotiation and mediation. Section 8.1.4. provides "[p]rior to mediation of any claim * * * the parties * * * "will meet to attempt to resolve informally * * * the claim* * * *."   If negotiation is unsuccessful, Section 8.2.1. provides for mediation: "Any claim, dispute or other matter in question arising out of or related to this Agreement shall be subject to mediation as a condition precedent to binding dispute resolution."

{¶ 12} Nothing in the quoted alternative dispute resolution sections refers to waiver of claims not brought within the appropriate time limit or not brought in Clark County Common Pleas Court. The waiver provision in Section 8.1.1 of the parties' agreement provides that only claims that are subject to "binding-dispute resolution" [litigation] are those brought in a particular court within a certain time. The waiver provision was not concerned with the negotiation stages of the dispute-resolution procedure; it concerned only the litigation stage.

{¶ 13} Our interpretation is consistent with the contract's provision governing

mediation. While mediation was mandatory before fully engaged litigation, Section 8.2.2 provided that a request for mediation did not need to precede litigation because the contract allowed litigation and mediation to be requested "concurrently."

> A request for mediation shall be made in writing, delivered to the other party to the Agreement, and filed with the person or entity administering the mediation. The request may be made concurrently with the filing of a complaint or other appropriate demand for binding dispute resolution but, in such event, mediation shall proceed in advance of binding dispute resolution proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.

That contractual procedure is similar to the Ohio statutory procedure for claims that are subject to an arbitration provision. *See Morgan Stanley Dean Witter Commercial Fin. Servs., Inc. v. Sutula*, 126 Ohio St.3d 19, 2010-Ohio-2468, 929 N.E.2d 1060, ¶ 3, citing R.C. 2711.02(B) ("Arbitration does not normally require dismissal of the claims referable to arbitration; it warrants only a stay of those claims pending arbitration.").

{¶ 14} Hardlines interprets Section 8.1.1's waiver provision as waiving a claim if the party fails to follow the contract's dispute-resolution procedure. Under this interpretation, simply by bringing its claim in court before instituting mediation, Clark County was forever barred from any resolution of the dispute. We reject Hardlines's interpretation for several reasons. First, the waiver provision refers only to Section 8.1.1, not the mediation provision. Second, forfeiture is not favored in the law, and courts strictly construe forfeiture provisions. *See Seidler v. FKM Advertising Co.,* 145 Ohio App.3d 688,

695, 763 N.E.2d 1266 (7th Dist.2001); *McKelvey v. Spitzer Motor Ctr., Inc.*, 46 Ohio App.3d 75, 77, 545 N.E.2d 1311 (8th Dist.1988). Third, "[t]his interpretation is a manifest absurdity and, for that reason, is to be avoided." *Wood Elec., Inc. v. Ohio Facilities Constr. Comm.*, 2017-Ohio-2743, 90 N.E.3d 371, ¶ 40 (10th Dist.), citing *Laboy v. Grange Indem. Ins. Co.*, 144 Ohio St.3d 234, 2015-Ohio-3308, 41 N.E.3d 1224, ¶ 8 (rejecting an interpretation of a contract that would result in the plaintiff's never being compensated for its full damages). The absurdity is that if mediation and litigation can be filed "concurrently" then there can be no requirement to pursue mediation before suit. Consequently, Hardlines is in no different position now than it will be when the trial court stays the litigation and orders mediation.

{¶ 15} Here, Clark County brought a claim in the Clark County Court of Common Pleas and did not "concurrently" request mediation. The county concedes that it should have, but did not, request mediation. But there was no contract provision that provided for waiver of claims if mediation were not requested either before or contemporaneously with the filing of litigation. Instead, the contract provided that litigation should be stayed and mediation should proceed first. We note that Hardlines alternatively asked the court to stay the proceedings and compel mediation. The county too in its response to the dismissal motion asked the court to stay the proceedings pending mediation.[2] In our opinion, that is what the trial court should have done.

---

[2] Hardlines filed a motion asking us to strike portions of Clark County's reply brief that Hardlines says refer to matters that were not raised before the trial court. One of these matters is the county's request for a stay pending mediation. This and the other matters that Hardlines cites were raised by Clark County in its response to the motion to dismiss. But because the trial court disregarded the response as untimely, Hardlines contends that the response should not count as having raised an issue. Since none of the matters that concern Hardlines forms a basis for our decision, we overrule the motion to strike.

## III. Conclusion

**{¶ 16}** Presuming all factual allegations in the complaint are true, interpreting the contract as we have, and making all reasonable inferences in the county's favor, Clark County can show a set of facts entitling it to relief for breach of contract. Consequently, the trial court should not have dismissed the complaint under Civ.R. 12(B)(6).

**{¶ 17}** The assignment of error is sustained.

**{¶ 18}** The trial court's judgment is reversed. This case is remanded for further proceedings.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Beau P. Thompson
David T. Patterson
Frederick T. Bills
Hon. Douglas M. Rastatter