[Cite as *State Farm Mut. Auto. Ins. Co. v. Three-C Body Shops, Inc.*, 2015-Ohio-5087.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State Farm Mutual Automobile Insurance Company, | : | Nos. 15AP-256 thru 15AP-261 |
| | | (C.P.C. No. 12CV-14117) |
| | : | |
| Plaintiff-Appellee, | | Nos. 15AP-263 thru 15AP-282 |
| | : | |
| v. | | Nos. 15AP-284 thru 15AP-348 |
| | : | |
| Three-C Body Shops, Inc., | | Nos. 15AP-350 thru 15AP-385 |
| | : | |
| Defendant-Appellant. | | (REGULAR CALENDAR) |
| | : | |

---

## D E C I S I O N

### Rendered on December 8, 2015

---

*Gallagher, Gams, Pryor, Tallan & Littrell, LLP*, *Mitchell M. Tallan*; *Albeit Weiker, LLP*, **and** *Leslie A. Albeit*, **for appellee.**

*Skinner & Associates, LLC*, *Todd A. Fichtenberg, Daniel J. Skinner*; *Michael R. Szolosi, Jr., LLC*, **and** *Michael R. Szolosi, Jr.*, **for appellant.**

---

APPEALS from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Three-C Body Shops, Inc. ("Three-C"), appeals judgments of the Franklin County Court of Common Pleas that enforced the terms of the settlement agreement between it and plaintiff-appellee, State Farm Automobile Insurance Company ("State Farm"). For the following reasons, we reverse those judgments.

{¶ 2} Beginning in 2012, State Farm filed a series of replevin actions against Three-C. In each case, State Farm held a salvage title to a vehicle in Three-C's possession. Three-C, however, was refusing to release the vehicles to State Farm unless it paid certain charges. State Farm contended that the charges were unreasonable and excessive, and it

refused to pay them. In each replevin action, State Farm requested an order from the trial court requiring Three-C to turn over the vehicle at issue without prior payment of the disputed charges.

{¶ 3} Three-C responded by filing counterclaims against State Farm and third-party actions against the vehicles' prior owners, who were either State Farm insureds or claimants. In these actions, Three-C sought damages in the amount of the unpaid charges. Many of the prior owners, now third-party defendants, filed claims against Three-C for violation of the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq.

{¶ 4} The trial court consolidated over one hundred such actions. Ultimately, the parties agreed to settle all the actions, and they read their settlement agreement into the record at a hearing held January 9, 2015. The trial court then filed an entry that stated, "In accordance with the record created on January 9, 2015, all above-captioned cases are terminated. Counsel shall prepare the appropriate entry for the Court's approval within twenty (20) days after of [sic] the filing of this Notice." (R. 326.)[1] Within one week of the trial court's entry, the parties submitted an agreed entry, which the trial court signed and entered into the record. The agreed entry provided:

> **BY AGREEMENT OF THE PARTIES**, all claims by and against all parties in the above-captioned cases are hereby **DISMISSED WITH PREJUDICE**.
>
> **BY FURTHER AGREEMENT OF THE PARTIES**, the parties shall not disclose the terms of the agreement and amount of the agreement, except as required for tax purposes or as otherwise required by law or any court or government agency. Accordingly, the hearing record in the above-captioned case of January 9, 2015 is hereby **SEALED**.

(R. 382.)

{¶ 5} Approximately one month after the dismissal of the cases, State Farm filed a motion to enforce the settlement agreement. State Farm contended that Three-C was violating the settlement terms, but Three-C claimed to be complying with the parties' agreement.

---

[1] Throughout this decision, we cite to the entries contained in the record of case No. 15AP-256. The cited entries apply to each of the consolidated cases.

{¶ 6}  In a judgment dated March 6, 2015, the trial court denied State Farm's motion in part and granted it in part.  The trial court found that Three-C had not breached the confidentiality provision of the settlement agreement, but it concluded that Three-C had charged fees that, in the settlement agreement, it had agreed not to charge.  The trial court ordered Three-C to cease charging those fees and to reimburse two Three-C customers who had already paid the prohibited fees.

{¶ 7}  Three-C now appeals the March 6, 2015 judgment, and it assigns the following errors:

> 1. The trial court lacked subject matter jurisdiction when it issued the March 6, 2015 Decision and Entry on State Farm's Motion to Enforce Settlement because the case was unconditionally dismissed by the Dismissal Entry dated January 15, 2015.
>
> 2. The trial court erred as a matter of law because claims regarding Three-C's charges to the Two Three-C Customers and its future customers are neither justiciable nor ripe.
>
> 3. The trial court erred as a matter of law because State Farm lacks standing to assert claims of non-party Three-C customers.
>
> 4. The trial court erred by concluding that Three-C breached the settlement agreement.

{¶ 8}  By its first assignment of error, Three-C contends that the trial court lacked jurisdiction to enforce the parties' settlement agreement because the court did not retain the necessary authority in the judgments dismissing the actions.  We agree.

{¶ 9}  "[A]s a general principle, a trial court may retain jurisdiction to enforce a settlement agreement when it dismisses a civil case."  *Infinite Sec. Solutions, L.L.C. v. Karam Properties II, Ltd.*, 143 Ohio St.3d 346, 2015-Ohio-1101, ¶ 25.  However, in order to retain jurisdiction, a trial court must either incorporate the terms of the settlement agreement into the dismissal entry or expressly state in the dismissal entry that it will retain jurisdiction to enforce the settlement agreement.  *Id.* at syllabus.

{¶ 10} Here, the final judgments dismissing the actions neither incorporated the terms of the settlement agreement nor expressly stated that the trial court intended to retain jurisdiction to enforce the settlement agreement.  The trial court, therefore, lacked

jurisdiction to enforce the parties' settlement agreement after entry of the final judgments.

{¶ 11} State Farm contests this conclusion for three reasons. First, State Farm dismisses *Infinite Security Solutions* as irrelevant to this appeal. State Farm contends that, in *Infinite Security Solutions*, the Supreme Court of Ohio only addressed whether a dismissal entry embodied the terms of the parties' settlement and whether a trial court's "placeholder" dismissal entry conferred jurisdiction to enforce a settlement agreement when the parties did not submit an entry of their own. State Farm misstates both the issue before the Supreme Court and the court's holding.

{¶ 12} In *Infinite Security Solutions*, the Supreme Court "consider[ed] a trial court's authority to retain jurisdiction when it dismisses a civil case to thereafter enforce a settlement agreement between the parties." *Id.* at ¶ 1. The court concluded that "a trial court may, when it dismisses a civil action upon notification that the parties have settled, expressly retain jurisdiction for the specific purpose of enforcing the settlement agreement" by stating so in the dismissal entry or incorporating the terms of the settlement agreement in the entry. *Id.* at ¶ 2. The issue in the case at bar is whether the trial court possessed jurisdiction to enforce the settlement agreement after it dismissed the parties' actions. *Infinite Security Solutions*, therefore, is directly applicable here.

{¶ 13} Second, State Farm argues that the trial court possessed jurisdiction because it incorporated the settlement terms into its initial entry following settlement when it referenced the "record created January 9, 2015." (R. 326.) We are not persuaded. Referencing a place in the record where the settlement terms appear does not constitute incorporating the settlement terms into a judgment. To incorporate the terms of a settlement agreement, the trial court must actually include the settlement terms in the judgment. *Infinite Sec. Solutions* at ¶ 27-28. Additionally, State Farm's argument fails because it relies on an entry that preceded the final judgment that dismissed the actions. The retention of jurisdiction must occur in the judgment of dismissal, not an earlier entry. *Id.* at syllabus.

{¶ 14} Third, State Farm urges us to follow *Powell v. Wal-Mart Stores, Inc.*, 8th Dist. No. 101662, 2015-Ohio-2035. In that case, the Eighth District Court of Appeals held that *Infinite Security Solutions* did not divest a trial court of jurisdiction to enforce a

settlement agreement, even though the final judgment did not meet either of the criteria set forth in *Infinite Security Solutions*. The Eighth District disregarded *Infinite Security Solutions* because, "[a]t the time the trial court denied the motion to enforce the settlement agreement * * *, this district favored a more liberal approach to the trial court's retention of jurisdiction over settlement agreements." *Powell* at ¶ 20.

{¶ 15} Prior to *Infinite Security Solutions*, our court did not endorse the "more liberal approach" adopted by the Eighth District. We held that, to preserve jurisdiction, a trial court had to state in the final judgment an express intent to retain jurisdiction or condition the dismissal on a stated event. *Reitter Stucco, Inc. v. Ducharme*, 10th Dist. No. 11AP-488, 2011-Ohio-6831, ¶ 18; *Cambodian Buddhist Soc., Inc. v. Ke*, 10th Dist. No. 01AP-731, 2002-Ohio-2766, ¶ 33. Unlike the Eighth District, our court did not hold that a mere reference to settlement in a final judgment rendered a dismissal conditional. *Baybutt v. Tice*, 10th Dist. No. 95APE06-829 (Dec. 5, 1995). Consequently, pursuant to this court's pre-*Infinite Security Solutions* law, the final judgment in this case would not have provided the trial court with post-final judgment jurisdiction. Thus, even under the reasoning of *Powell*, the trial court lacked jurisdiction to enforce the parties' settlement agreement.

{¶ 16} Because the trial court did not retain jurisdiction in its final judgment, it erred in enforcing the settlement agreement. Accordingly, we sustain Three-C's first assignment of error. As the ruling on the first assignment of error resolves this appeal, the remaining assignments of error are moot, and we decline to decide them.

{¶ 17} For the foregoing reasons, we sustain the first assignment of error, which renders moot the second, third, and fourth assignments of error. We reverse the judgments of the Franklin County Court of Common Pleas, and we remand these matters to that court so that it may vacate its judgments enforcing the settlement agreement.

*Judgments reversed; causes remanded with instructions.*

TYACK and DORRIAN, JJ., concur.

———————