[Cite as *Cummins & Brown, L.L.C. v. Cummins*, 2021-Ohio-428.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CUMMINS & BROWN, LLC, | : | APPEAL NO. C-200166 |
| and | : | TRIAL NO. A-1703386 |
| PHYLLIS E. BROWN, | : | *O P I N I O N.* |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| JAMES CUMMINS, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Vacated and Cause Remanded

Date of Judgment Entry on Appeal:  February 17, 2021

*Lerner, Sampson & Rothfuss LPA* and *Donald M. Lerner*, for Plaintiffs-Appellants,

*Murray Murphy Moul + Basil LLP*, *Joseph F. Murray* and *Jonathan P. Misny*, for Defendant-Appellee.

**ZAYAS, Presiding Judge.**

{¶1} Plaintiffs-appellants Cummins & Brown, LLC, and Phyllis Brown (collectively, "Brown") appeal the trial court's judgment denying their motion to assess deposition expenses as court costs as set forth under the settlement agreement entered into between Brown and defendant-appellee James Cummins. Because the trial court lacked jurisdiction to entertain Brown's motion to enforce the settlement agreement, we vacate the judgment denying that motion.

## Procedural History

{¶2} In March 2017, Brown and Cummins dissolved their law firm by executing the "Protocol and Final Agreement for Winding Up Cummins & Brown, LLC" ("wind-up agreement"). Three months later, Brown sued Cummins, alleging breach of the wind-up agreement, fraud and breach of fiduciary duty. During the discovery period, Brown took the deposition of Cummins and Paul Gafney, the accountant for the former law firm. Brown paid the costs associated with each deposition and then filed the invoices detailing those costs with the Hamilton County Clerk of Courts.

{¶3} Following the denial of Cummins's motion for partial summary judgment, the parties entered into a settlement agreement and mutual release, providing that "the parties will submit a joint Stipulation of Dismissal to the Court * * * expressly stating that the Litigation is dismissed with prejudice, all court costs to be borne by Cummins." On April 8, 2019, a joint stipulation of dismissal was entered upon the record, dismissing all claims and counterclaims with prejudice pursuant to Civ.R. 41(A)(1)(b) and indicating, "Defendant shall bear all court costs." The clerk of

courts stamped the entry "Costs Paid" and signed it. The record demonstrates that Cummins paid $1031 in assessed court costs.

{¶4} A few days later, Brown moved to enforce the parties' settlement agreement and assess her deposition expenses as court costs. The trial court denied her motion, citing *Vossman v. AirNet Sys., Inc.*, 159 Ohio St.3d 529, 2020-Ohio-872, 152 N.E.3d 232, in which the Ohio Supreme Court held that the expense of procuring a transcript of a deposition may not be recovered as a court cost under Civ.R. 54(D). *See id.* at ¶ 2.

{¶5} Brown appealed the court's judgment, arguing in a single assignment of error, that the trial court erred by denying her motion to enforce the settlement agreement.

### Jurisdiction

{¶6} It is well settled that a judgment rendered by a court that lacks jurisdiction is void ab initio. *Patton v. Diemer*, 35 Ohio St.3d 68, 70, 518 N.E.2d 941 (1988). Further, subject-matter jurisdiction may not be conferred upon a court by agreement of the parties, nor may lack of subject-matter jurisdiction be waived. *State ex rel. Lawrence Dev. Co. v. Weir*, 11 Ohio App.3d 96, 463 N.E.2d 398 (10th Dist.1983). While a reviewing court may not consider void judgments, it has the inherent authority to recognize and vacate void judgments. *Hairline Clinic, Inc. v. Riggs-Fejes*, 9th Dist. Summit No. 25171, 2011-Ohio-5894, ¶ 7, citing *Van DeRyt v. Van DeRyt*, 6 Ohio St.2d 31, 36, 215 N.E.2d 698 (1966).

{¶7} "A trial court has jurisdiction to enforce a settlement agreement after a case has been dismissed only if the dismissal entry incorporated the terms of the agreement or expressly stated that the court retained jurisdiction to enforce the

agreement." *Infinite Sec. Solutions, L.L.C. v. Karam Properties II*, 143 Ohio St.3d 346, 2015-Ohio-1101, 37 N.E.3d 1211, ¶ 22.

{¶8}    The dismissal entry here does not expressly state that the trial court is retaining jurisdiction to enforce the settlement agreement between the parties nor does it include the terms of the agreement.   Brown argues that one term of the agreement was included in the dismissal entry—"that all court costs are to be borne by Cummins."   However, that is not what Brown asked the trial court to enforce in her motion.   She wanted the trial court to enforce the separate agreement between the parties that Brown's depositions expenses would be considered court costs and that Cummins would reimburse Brown for those expenses.   Those terms of the settlement agreement are simply not included in the dismissal entry.

{¶9}    Because we find that the court lacked jurisdiction to enforce the settlement agreement in the instant case, we vacate the trial court's judgment and remand this matter to the trial court with instructions to dismiss Brown's motion for lack of subject-matter jurisdiction.   Accordingly, Brown's single assignment of error presented in her appeal is rendered moot.

Judgment vacated and cause remanded.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.