[Cite as *H&R Properties, L.L.C. v. Fontain*, 2021-Ohio-516.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| H&R CINCY PROPERTIES, LLC, | : | APPEAL NOS. C-190574 |
| | | C-190575 |
| HARJINDER SANDHU, | : | C-190583 |
| | | C-190584 |
| NANCY ASHA, | : | TRIAL NO. A-1705644 |
| HISHAM ASHA, | : | |
| and | : | *O P I N I O N.* |
| DINA TOWERS CONDOMINIUM OWNERS ASSOCIATION AND ITS BOARD OF TRUSTEES, | : | |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| MARCUS FONTAIN, | : | |
| RAMONA FONTAIN, | : | |
| CINVESCO, LLC, | : | |
| CINVEXCO, LLC, | : | |
| and | : | |
| DINA TOWERS ASSOCIATION, | : | |
| Defendants-Appellants. | : | |

Civil Appeals From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded in C-190574; Appeals Dismissed in C-190575, C-190583 and C-190584

Date of Judgment Entry on Appeal:  February 26, 2021

*Strauss Troy Co., L.P.A.,* and *Brian J. O'Connell*, for Plaintiffs-Appellees,

*McCaslin, Imbus & McCaslin, L.P.A., Thomas J. Gruber* and *Michael P. Cussen*, for Defendants-Appellants.

**CROUSE, Judge.**

{¶1} The appeals before us stem from a dispute among condominium owners in Dina Towers, a 30-unit condominium building located in Hamilton County, Ohio. Collectively, plaintiffs H&R Cincy Properties, owned by Harjinder Sandhu, and Nancy Asha and Hisham Asha own ten condominium units ("condos") and are members of the Dina Towers Condominium Owners Association ("DTCOA"). Defendants Marcus Fontain, Romona (a.k.a. "Norma") Fontain, Cinvesco, L.L.C., and Cinvexco, L.L.C., own the other 20 condos. In a complaint filed in October 2017, plaintiffs alleged, inter alia, that defendants acted illegally to take control of the DTCOA, replace its board of trustees, steal the funds in its operating and reserve bank accounts, and obtain sole ownership of Dina Towers. According to the complaint, defendant Dina Towers Association ("DTA") was formed by defendants to replace the DTCOA.

{¶2} Plaintiffs moved for the appointment of a receiver to take control of the DTCOA and manage the property during the litigation. On August 10, 2018, the trial court appointed Prodigy Properties as receiver. Shortly thereafter, on August 27, 2018, the parties entered into a settlement agreement. The parties agreed that defendant DTA would distribute $2,000 to the receiver as a startup fee and $11,000 to cover the receiver's monthly fees and the wind-down fee. They agreed that the receivership would terminate on February 11, 2019. DTA was designated to pay the court costs.

{¶3} On September 26, 2018, per the terms of the settlement, an "Agreed Entry of Dismissal of Defendants Marcus Fontain, Norma Fontain, Cinvesco, L.L.C.,

and Dina Towers Association Vacating Trial Date and Dismissal of Intervening Declaratory Judgment" was entered by the trial court. The claims against Cinvexco, L.L.C., remained pending. The agreed entry of dismissal stated, "Court costs to be paid by the Defendants."

{¶4} On January 10, 2019, plaintiffs filed a motion to extend the receivership, alleging that defendant Marcus Fontain had frustrated the purpose and objectives of the receivership. On February 7, 2019, the receiver also filed a motion to extend the receivership. The trial court extended the receivership, eventually terminating it on September 12, 2019, in its final judgment entry. In the entry, the court assigned the costs of the receiver, including its attorney's fees, to defendants, including the defendants dismissed in the September 26, 2018 entry of dismissal. The costs equaled $48,740.19 for the receiver and $30,438.45 for the receiver's attorney. Those amounts constituted the total fees incurred by the receivership for the entire duration of the case; from the time the receiver was appointed in August 2018 until the receiver filed its application for fees on August 7, 2019.

{¶5} Defendants have appealed in the case numbered C-190574. In one assignment of error, they argue that the trial court erred in requiring the dismissed defendants to pay the costs of the receiver incurred after February 11, 2019.

{¶6} For the following reasons, we sustain defendants' sole assignment of error and hold that the dismissed defendants cannot be required to pay any receivership fees incurred after February 11, 2019.

### C-190575, C-190583, and C-190584

{¶7} As a preliminary matter, we must discuss the pro se appeals filed by Nancy Asha, Bruce Elliott, and Isaac Fontain. Plaintiff Nancy Asha filed an appeal in

4

the case numbered C-190575. Asha has not filed a brief or otherwise made an appearance in this court. Accordingly, the appeal numbered C-190575 is dismissed. *See State v. Harris*, 2017-Ohio-5594, 92 N.E.3d 1283, ¶ 43 (1st Dist.) ("to receive consideration on appeal, trial court errors must be raised by assignment of error and must be argued and supported by legal authority and citation to the record").

{¶8} Bruce Elliott and Isaac Fontain filed appeals in the cases numbered C-190583 and C-190584, respectively. As nonparties, they do not have standing to appeal the trial court's final judgment entry. *See Lopez v. Veitran*, 1st Dist. Hamilton No. C-110511, 2012-Ohio-1216, ¶ 10 ("[a] person not a party to the action has no right of direct appeal from an adjudication. Merely appearing in a proceeding and presenting an argument does not make a person a party to an action with a right to appeal."). Therefore, the appeals numbered C-190583 and C-190584 are dismissed.

### *C-190574*

{¶9} In their sole assignment of error, defendants contend that the trial court erred in requiring the dismissed defendants to pay the costs of the receiver incurred after February 11, 2019. Defendants argue that the court lost jurisdiction over the dismissed defendants once the entry of dismissal was placed of record.

{¶10} Plaintiffs contend that Marcus Fontain's persistent harassment of the receiver and obstruction of its duties caused the bulk of the receivership's fees, and therefore, it was proper for the trial court to hold him and the other dismissed defendants responsible for the fees. A review of the record, specifically the invoices of the receiver and its attorney, provide ample evidence of Fontain's disruptive conduct and the resulting effects on the management of the property. Nevertheless, before we consider the propriety of the trial court's decision, we must determine

5

whether the trial court had jurisdiction to assign the receivership's fees to the dismissed defendants.

{¶11} "[I]n general, when a trial court unconditionally dismisses a case or a case has been voluntarily dismissed under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed." *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 22.

{¶12} The dismissal entry stated that, pursuant to Civ.R. 41(A)(2) and the agreement of the parties, the plaintiffs' claims against Marcus Fontain, Norma Fontain, Cinvesco, and DTA were voluntarily dismissed with prejudice. The court assigned court costs to the defendants. The entry stated that plaintiffs' claims against Cinvexco remained pending and that the receivership would remain in effect until February 11, 2019, at which time the receiver would submit his final report and the parties would submit a final entry to the court.

{¶13} After the entry of dismissal was filed on September 26, 2018, Marcus Fontain became a dismissed party with no standing to challenge further court decisions. At a January 17, 2019 hearing on the plaintiffs' motion to extend the receivership, the court would not allow Marcus Fontain to argue against the extension of the receivership. The court told him, "I've reviewed the stuff that you have filed, and I may entertain some of your argument. But right now, you're not a party. So you can't really proceed, even pro se."

{¶14} Plaintiffs argue that because court costs were assessed to defendants in the settlement agreement and the agreed entry of dismissal, and R.C. 2735.04(C) allows receivership fees to be taxed as court costs, it was proper for the trial court to order the dismissed defendants to pay the receivership fees. *See* R.C. 2735.04(C)

6

("[a]ny funds that are expended by or on behalf of the receiver, including receivership fees, fees for professionals assisting the receivership, * * * shall be taxed as court costs or otherwise treated as an administrative expense of the action.").

{¶15} The trial court agreed with that reasoning and in its September 12, 2019 final entry it found:

> [T]he Agreed Entry of Dismissal and the parties' Settlement Agreement provide that either the Defendants collectively or the Dina Towers Condominium Association shall pay the Court Costs, which this Court finds to include all the Receiver's costs and the Receiver's attorney fees accrued to date, most of which are the direct result of the acts or filings of Defendant Marcus Fontaine [sic].

{¶16} The problem with this rationale is that it assumes that a dismissed party can be required to indefinitely pay future court costs in a case in which it no longer has an interest. Once a party has been dismissed from a lawsuit, the trial court lacks personal jurisdiction over that party and that party does not have standing to contest any of the proceedings generating the court costs. *See, e.g., Trill v. Sifuentes*, 6th Dist. Sandusky No. S-10-036, 2011-Ohio-1400, ¶ 18 (where plaintiff dismissed one of the defendants in a personal injury case, the trial court lost jurisdiction over the dismissed defendant and was without authority to consider a motion filed by the dismissed defendant). "Personal jurisdiction refers to the principle that the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant." *WBCMT 2007-C33 Office 7870, LLC v. Breakwater Equity Partners,*

7

*LLC*, 2019-Ohio-3935, 133 N.E.3d 607, ¶ 10 (1st Dist.). Thus, it would be a violation of the dismissed defendants' due-process rights to order them to pay court costs incurred after they were dismissed from the case.

{¶17} Next, plaintiffs argue that the court maintained jurisdiction over the dismissed defendants because the settlement agreement vested the court with jurisdiction to resolve any disputes arising out of the settlement agreement.

{¶18} "A trial court has jurisdiction to enforce a settlement agreement after a case has been dismissed only if the dismissal entry incorporated the terms of the agreement or expressly stated that the court retained jurisdiction to enforce the agreement." *Cummins & Brown, LLC, and Phyllis E. Brown v. James Cummins,* 1st Dist. Hamilton No. C-200166, 2021-Ohio-428, ¶ 7, quoting *Infinite Sec. Solutions, L.L.C. v. Karam Properties, II, Ltd.*, 143 Ohio St.3d 346, 2015-Ohio-1101, 37 N.E.3d 1211, syllabus. "Neither the parties nor a reviewing court should have to review the trial court record to determine the court's intentions. Rather, the entry must reflect the trial court's action in clear and succinct terms." *Infinite Sec. Solutions* at ¶ 29. "To incorporate the terms of a settlement agreement, the trial court must actually include the settlement terms in the judgment." *State Farm Mut. Auto. Ins. Co. v. Three-C Body Shops, Inc.*, 10th Dist. Franklin Nos. 15AP–256, 15AP–282, 15AP–350, 15AP–261, 15AP–284, 15AP–385, 15AP–263 and 15AP–348, 2015-Ohio-5087, ¶ 13, citing *Infinite Sec. Solutions* at ¶ 27-28.

{¶19} The trial court did not incorporate the terms of the settlement agreement into the agreed entry of dismissal or expressly state that it retained jurisdiction to enforce the settlement agreement. Therefore, we cannot find that the court maintained jurisdiction to enforce the settlement agreement.

{¶20} The dismissed defendants seem to agree with the plaintiffs' contention that the court had jurisdiction to enforce the settlement agreement. However, "subject-matter jurisdiction may not be conferred upon a court by agreement of the parties, nor may lack of subject-matter jurisdiction be waived." *Cummins & Brown* at ¶ 6. Thus, the trial court did not have jurisdiction to order the defendants to pay the receivership fees by virtue of enforcing the settlement agreement.

{¶21} Plaintiffs further argue that the trial court maintained jurisdiction over the dismissed defendants through its August 10, 2018 order appointing the receiver. A trial court maintains jurisdiction over a receivership until the court closes the receiver's account and discharges the receiver. *Dayton Lodge, L.L.C. v. Hoffman*, 2013-Ohio-5755, 6 N.E.3d 638, ¶ 24 (2d Dist.).

{¶22} However, the receivership is ancillary to the main action. *In re Gourmet Servs., Inc.,* 142 B.R. 216, 218 (Bankr.S.D.Ohio 1992). A court's jurisdiction over a receivership does not permit the court to regain jurisdiction over a party dismissed from the main action.

{¶23} Lastly, plaintiffs contend that the trial court's inherent jurisdiction over collateral issues permitted it to impose the receivership fees upon the dismissed defendants. After dismissal, courts retain jurisdiction over certain collateral issues, such as the imposition of sanctions or findings of contempt. *See Hummel,* 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, at ¶ 23. Plaintiffs argue that Marcus Fontain's conduct during the pendency of the case amounted to contempt and, based on the court's jurisdiction to hold Fontain in contempt, it retained jurisdiction to impose the receivership fees against him and the other dismissed defendants. Perhaps Fontain's conduct warranted a finding of contempt, but the trial court never

made such a finding. We reject the plaintiffs' contention that the trial court was implicitly exercising its contempt powers by imposing the receivership fees upon the dismissed defendants.

{¶24} We hold that the trial court lacked jurisdiction over the dismissed defendants once the agreed entry of dismissal was filed on September 26, 2018. However, because defendants have not contested the imposition of any of the receivership fees incurred before February 11, 2019, we hold that the trial court erred in holding the dismissed defendants responsible for any receivership fees incurred after February 11, 2019.[1] The dismissed defendants contend that they have already paid all receivership fees incurred prior to February 11, 2019, but that is not entirely clear from the record. Therefore, the cause must be remanded for the trial court to determine whether the dismissed defendants owe any additional receivership fees and, if so, what amount.

{¶25} The sole assignment of error is sustained.

### Conclusion

{¶26} The appeals numbered C-190575, C-190583 and C-190584 are dismissed. In the appeal numbered C-190574, the sole assignment of error is sustained, the judgment of the trial court is reversed, and the cause is remanded to the trial court to assess all receivership fees in a manner consistent with this opinion.

Judgment accordingly.

**BERGERON, P.J.,** and **WINKLER, J.,** concur.

---

[1] The defendants concede that the trial court had jurisdiction to impose the receivership fees, including those incurred after February 11, 2019, against Cinvexco, which was still a party at the time the court entered its September 12, 2019 final judgment.

Please note:

The court has recorded its own entry on the date of the release of this opinion.