[Cite as *Bender v. Summa Rehab Hosp., L.L.C.*, 2021-Ohio-3809.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

KIMBERLY K. BENDER

    Appellee

    v.

SUMMA REHAB HOSPITAL, LLC

    Appellant

C.A. No.    29865

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2019-08-2886

DECISION AND JOURNAL ENTRY

Dated: October 27, 2021

CALLAHAN, Judge.

{¶1} Appellant, Summa Rehab Hospital, LLC ("Summa"), appeals from the October 4, 2020 order ("the October order") of the Summit County Court of Common Pleas. For the reasons that follow, we vacate and remand.

I.

{¶2} Kimberly Bender filed a workers' compensation appeal from the decision of the Industrial Commission denying her the right to participate in the Ohio Bureau of Workers' Compensation Fund for alleged workplace injuries she sustained on January 25, 2019. After conducting discovery and identifying expert witnesses, the parties proceeded to a court-ordered mediation and reached a settlement. Upon notice of the parties' settlement, the trial court entered an order on May 13, 2020 ("the May order") that declared the case "settled and dismissed" and retained jurisdiction for the purpose of enforcing settlement. Three weeks later, on June 5, 2020, the parties submitted a dismissal entry ("the June dismissal entry") approved by

all counsel, which the trial court approved and filed. The June dismissal entry did not contain language retaining jurisdiction for settlement matters.

{¶3} Approximately three months later, Summa filed a motion to enforce settlement. The motion was fully briefed and set for a hearing. At the non-evidentiary hearing, counsel discussed the circumstances leading to Mrs. Bender's refusal to execute the settlement agreement. Summa's counsel contended that the settlement reached during the mediation was a global settlement of any and all claims by Mrs. Bender. Mrs. Bender's counsel disagreed, claiming that Mrs. Bender only agreed to settle the workers' compensation claim because she wanted to pursue a separate personal injury claim against Summa. After listening to counsel's arguments, the trial court vacated the May order and the June dismissal entry, stayed the case, ordered Mrs. Bender to file a personal injury complaint within fourteen days, and conditionally granted Summa's motion to enforce settlement if Mrs. Bender did not file a personal injury complaint within fourteen days.

{¶4} Summa timely appealed, raising two assignments of error for our review.

II.

## PRELIMINARY ISSUE: JURISDICTION

{¶5} This Court is obligated to raise sua sponte questions related to our jurisdiction. *See The Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). An appellate court has jurisdiction to hear appeals only from final orders or judgments. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. *See Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). In the absence of a final appealable order, an appellate court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco*

*Mfg., Inc.*, 9th Dist. Medina No. 2930-M, 2000 WL 109108, *1 (Jan. 26, 2000); *Noble v. Colwell*, 44 Ohio St.3d 92, 94 (1989).

{¶6} We begin by examining whether the trial court had jurisdiction to rule on Summa's motion to enforce settlement. The Ohio Supreme Court has held that "as a general principle, a trial court may retain jurisdiction to enforce a settlement agreement when it dismisses a civil case." *Infinite Sec. Solutions, L.L.C. v. Karam Properties II, Ltd.*, 143 Ohio St.3d 346, 2015-Ohio-1101, ¶ 25. In order to retain jurisdiction after the dismissal of a case for the purpose of enforcing a settlement agreement, a trial court must either incorporate the terms of the settlement agreement into the dismissal entry or expressly state in the dismissal entry that it retains jurisdiction to enforce the settlement agreement. *Id.* at syllabus.

{¶7} While the May order contains language evidencing the trial court's retention of jurisdiction "for the sole purpose of settlement matters[,]" the subsequent June dismissal entry does not contain such language. The retention of jurisdiction to enforce a settlement agreement must occur in the final order dismissing the case, and not in an earlier order. *State Farm Mut. Auto. Ins. Co. v. Three-C Body Shops, Inc.*, 10th Dist. Franklin Nos. 15AP-256, 15AP-282, 15AP-350, 15AP-261, 15AP-284, 15AP-385, 15AP-263, 15AP-348, 2015-Ohio-5087, ¶ 13, citing *Infinite Sec. Solutions, L.L.C.* at syllabus. In order to determine whether the trial court retained jurisdiction to enforce the settlement agreement we must decide whether the May order or the June dismissal entry is the final order.

## The May Order

{¶8}    "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied."[1] *LEH Properties, Inc. v. Pheasant Run Assn.*, 9th Dist. Lorain No. 07CA009275, 2008-Ohio-4500, ¶ 10, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88 (1989). R.C. 2505.02(B)(1) defines one type of a final order as "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"

{¶9}    The May order declared the case settled and dismissed based upon the parties having reached a settlement. By dismissing Mrs. Bender's workers' compensation complaint, the trial court affected her substantial right to pursue a civil action regarding her right to participate in the Ohio Bureau of Workers' Compensation Fund for her injuries and determined the action. By journalizing that order, the trial court prevented a further judgment. *See Cleveland v. Trzebuckowski*, 85 Ohio St.3d 524, 526 (1999).

{¶10}    Although the May order anticipated the *possibility* of the parties filing another order, there was no *requirement* that the parties do so: the order did not condition the dismissal of the case upon the parties filing a subsequent order. *See Infinite Sec. Solutions, L.L.C.*, 143 Ohio St.3d 346, 2015-Ohio-1101, at ¶ 32. *Compare Renner, Otto, Boisselle & Sklar, L.L.P. v. The Estate of Siegel*, 8th Dist. Cuyahoga No. 101861, 2015-Ohio-1839, ¶ 8, 16-17 (The appellate court held that an entry dismissing the case with prejudice and disposing of all the claims was not a final and appealable order because the entry required further action from the parties, namely that the parties file an entry of dismissal regarding the settlement.); *Bennett v. Cardarelli*,

---

[1] Civ.R. 54(B) is not applicable in this matter, because the May order rendered final judgment as to all of the parties on the single claim. *See generally Gen. Acc. Ins. Co.*, 44 Ohio St.3d at 22.

9th Dist. Summit No. 16685, 1994 WL 518353, *1 (Sept. 14, 1994) (This Court noted that the trial court's journal entry dismissing the case was not a final order when the dismissal was conditioned upon plaintiff's counsel submitting an entry to the court.). While the May order retained jurisdiction for settlement purposes, it did not leave any unresolved issues, or contemplate that any "'further action *must* be taken'" in the matter. (Emphasis added.) *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, ¶ 4, quoting *Bell v. Horton*, 142 Ohio App.3d 694, 696 (4th Dist.2001), citing *Chef Italiano Corp.* at 89. Accordingly, the effect of the entirety of the May order was a final order dismissing the matter and retaining jurisdiction solely to enforce settlement.

{¶11} Our conclusion regarding the finality of the May order is not affected by the second sentence therein stating that "This is a final order, with costs to the Plaintiff, *unless another order is filed within 30 days by the attorneys for the Plaintiff or Defendant.*"[2] (Emphasis added.) Assuming without deciding that the second sentence of the May order is in effect the application of Sup.R. 7, the above italicized phrase is superfluous in this instance. As it pertains to civil matters, Sup.R. 7 provides that "[t]he judgment entry specified in Civil Rule 58 * * * shall be filed and journalized within thirty days of the verdict, decree, or decision. If the entry is not prepared and presented by counsel, it shall be prepared by the court." While Sup.R. 7 provides counsel with thirty days to prepare a final judgment entry, "[t]he court need not wait thirty days before acting to make the entry." Commentary, Sup.R. 7. *See Kennedy v. Cleveland*,

---

[2] This Court has previously observed that this sentence is "somewhat ambiguous and confusing; we are not even certain of the purpose of the second sentence." *See Ott Equip. Servs. Inc. v. Summit Automotive Equip.*, 9th Dist. Summit No. 27534, 2015-Ohio-4263, ¶ 6, 15 (concluding that this language did not comport with the requirements set forth in *Infinite Sec. Solutions, L.L.C.* at syllabus, to retain jurisdiction to enforce a settlement agreement).

16 Ohio App.3d 399, 401-02 (8th Dist.1984) (recognizing that under former C.P. Sup.R. 13[3] the duty to journalize a judgment within thirty days of a decision rests primarily with the trial court and secondarily with the parties).

{¶12} In this matter, the trial court journalized a final order dismissing the case the next day following the mediator's notice of settlement. In doing so, the trial court fulfilled its duty under Sup.R. 7 and extinguished the parties' duty to submit a judgment entry. Accordingly, the trial court's inclusion of the phrase, "unless another order is filed within 30 days by the attorneys for the Plaintiff or Defendant[,]" at the end of the second sentence in its final order was surplusage.

### The June Dismissal Entry

{¶13} Having determined that the May order was a final order, we next turn to the June dismissal entry which modified the May order by removing the language regarding the trial court retaining jurisdiction over settlement matters. "It is well settled that a trial court loses jurisdiction over a case after issuing the final judgment that resolves all claims before it." *Palmer v. Bowers*, 9th Dist. Lorain No. 15CA010836, 2017-Ohio-355, ¶ 10. Following the entry of the final judgment, a trial court's authority to modify or vacate the final judgment is limited to the specific means set forth in the Ohio Rules of Civil Procedure, which include a motion filed by a party pursuant to Civ.R. 50 (judgment notwithstanding the verdict), Civ.R. 59 (new trial), or Civ.R. 60 (relief from judgment).[4] *See Allstate Ins. Co. v. Witta*, 9th Dist. Summit No. 25738,

---

[3] C.P. Sup.R. 13 is the predecessor to Sup.R. 7. *See State ex rel. Grove v. Nadel*, 81 Ohio St.3d 325, 326-327 (1998), quoting *Kennedy* at 401-402.

[4] There are two limited instances when the trial court may modify or vacate a final judgment sua sponte: 1) the final judgment is void, and 2) to correct a clerical error. *Parker v. Allstate Property & Cas. Ins. Co.*, 7th Dist. Belmont No. 12 BE 2, 2012-Ohio-6278, ¶ 31. Neither of those circumstances are present in the instant matter.

2011-Ohio-6068, ¶ 19, quoting *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380 (1981). "This Court has consistently treated actions taken by the trial court subsequent to the entry of a final judgment that are not within the scope of the Ohio Rules of Civil Procedure as void." *Witta* at ¶ 9.

{¶14} In this case, a Civ.R. 60(B) motion was the only mechanism available for the trial court to modify or vacate the May order. *See Witta* at ¶ 12, citing *Pitts* at 380. However, neither party filed a Civ.R. 60(B) motion to modify the May order with the June dismissal entry. Absent a Civ.R. 60(B) motion from one of the parties, the trial court was without authority to modify the May order, rendering the June dismissal entry a nullity and void, which must be vacated. *See Witta* at ¶ 19, citing *Pitts* at 381, and at ¶ 20, quoting *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Rev.*, 87 Ohio St.3d 363, 368 (2000) and *Van DeRyt v. Van DeRyt*, 6 Ohio St.2d 31, 36 (1966).

{¶15} Because the May order is the final order dismissing the case and the trial court retained jurisdiction in that order for the purpose of settlement, we conclude that the trial court had jurisdiction over Summa's motion to enforce settlement.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT, SUMMA REHAB HOSPITAL, LLC[,] WHEN IT VACATED ITS JUDGMENT OF DISMISSAL, WITH PREJUDICE.

{¶16} In its first assignment of error, Summa argues that the trial court erred when it vacated the May order and the June dismissal entry. We agree as to the May order.[5]

---

[5] Summa presents the same Civ.R. 60(B) argument for both the May order and the June dismissal entry, but fails to recognize the different legal nature of each order. Summa's argument is misplaced as to the June dismissal entry because it is void and Civ.R. 60(B) does not apply to vacate void judgments. *See Thomas v. Fick*, 9th Dist. Summit No. 19595, 2000 WL 727531, *2 (June 7, 2000).

{¶17}  Summa asserts that because there was no Civ.R. 60(B) motion filed and there was no agreement between the parties to vacate the dismissal entries, the trial court erred when it vacated both of the dismissal entries.  Mrs. Bender does not address either of Summa's arguments and instead contends that the vacating of the dismissal entries was correct because the trial court found there was no meeting of the minds relative to the settlement.

{¶18}  This Court has recognized that "[a] trial court has no authority to vacate its final orders *sua sponte*."  *Mathias v. Dutt*, 9th Dist. Summit No. 20577, 2002 WL 242108, *1 (Feb. 20, 2002), citing *Cuyahoga Savs. Assn. v. Keller*, 9th Dist. Medina Nos. 3088-M, 3108-M, 2001 WL 358394, *2 (Apr. 11, 2001).  Rather, Civ.R. 60(B) provides that "[t]he procedure for obtaining any relief from a judgment *shall be by motion* as prescribed in these rules."  (Emphasis added.)  *See Midwest Environmental Controls, Inc. v. Houttekier*, 6th Dist. Lucas No. L-04-1118, 2004-Ohio-5999, ¶ 3, citing *Coffman v. Coffman*, 2d Dist. Greene No. 94-CA-104, 1995 WL 386926, *5 (June 28, 1995).  Furthermore, this Court has held that a motion to enforce a settlement cannot be construed as a Civ.R. 60(B) motion for relief from judgment.  *Witta*, 2011-Ohio-6068, at ¶ 12, citing *Nova Information Sys., Inc. v. Current Directions, Inc.*, 11th Dist. Lake No. 2006-L-214, 2007-Ohio-4373, ¶ 16.  *See Catanzaro Sons & Daughters, Inc. v. Trio Food Distribs., Inc.*, 1st Dist. Hamilton No. C-000584, 2001 WL 488829, *2 (Apr. 27, 2001).  "A vacation or modification of a final judgment in a manner not provided for by the Rules of Civil Procedure is void and a nullity."  *Witta* at ¶ 19, citing *Pitts*, 67 Ohio St.2d at 379-380, *West v. Geffken*, 9th Dist. Summit No. 24243, 2008-Ohio-6624, ¶ 7, and *Fiore v. Larger*, 2d Dist. Montgomery Nos. 05-CV-6054, 07-CV-8371, 2009-Ohio-5408, ¶ 36.  Entries flowing from a void judgment are also void.  *See Children's Hosp. v. Paluch*, 9th Dist. Summit No. 26189,

2012-Ohio-4137, ¶ 12, citing *Witta* at ¶ 9. Because there was no Civ.R. 60(B) motion before the trial court, it acted outside its authority when it sua sponte vacated the May order.

{¶19} Based on the foregoing, we conclude that the October order and the June dismissal entry are nullities and must be vacated.[6] *See generally Witta* at ¶ 19, citing *Pitts* at 381, and at ¶ 20, quoting *Cincinnati School Dist. Bd.*, 87 Ohio St.3d at 368 and *Van DeRyt*, 6 Ohio St.2d at 36; *Paluch* at ¶ 12, citing *Witta* at ¶ 9.

{¶20} Summa also argues that the trial court abused its discretion when it stated that the parties agreed to vacate the dismissal entries when there was no such written or oral agreement in the record. In light of the above disposition, it is unnecessary to reach this additional argument.

{¶21} Summa's first assignment of error is sustained.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, SUMMA REHAB HOSPITAL, LLC[,] WHEN IT DID NOT GRANT APPELLANT'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT REACHED BETWEEN THE PARTIES.

{¶22} In its second assignment of error, Summa argues that the trial court erred when it denied its motion to enforce settlement. We decline to address the second assignment of error as it has been rendered moot by this Court's resolution of Summa's first assignment of error. *See* App.R. 12(A)(1)(c).

### III.

{¶23} Summa Rehab Hospital, LLC's first assignment of error is sustained and the October 4, 2020 order and the June 5, 2020 dismissal entry are vacated. Summa Rehab Hospital,

---

[6] In reaching this conclusion we need not address the final appealable order issue embedded in the trial court's conditional granting of the motion to enforce settlement. *See generally State v. Prade*, 9th Dist. Summit No. 28193, 2018-Ohio-3551, ¶ 2 (recognizing that conditional orders are not final appealable orders).

LLC's second assignment of error is moot. Any outstanding motions filed in this appeal are denied. The judgment of the Summit County Court of Common Pleas is vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment vacated<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee, Kimberly Bender.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

TIMOTHY A. MARCOVY, Attorney at Law, for Appellant.

MICHAEL J. ZIDAR, Assistant Attorney General, for Appellee.

JENNIFER L. LAWTHER and CORY J. KUZMA, Attorneys at Law, for Appellee.