[Cite as *Eaton Twp. Bd. of Trustees v. Grafton*, 2021-Ohio-3446.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| BOARD OF TOWNSHIP TRUSTEES FOR EATON TOWNSHIP, et al. | | C.A. Nos.     19CA011555                         19CA011559 |
|     Appellants | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| THE VILLAGE OF GRAFTON, et al. | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
|     Appellees | | CASE No.     88CV-099892 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2021

CARR, Judge.

**{¶1}** Appellants Eaton Township Board of Trustees ("Eaton") and Grafton Township Board of Trustees ("Grafton Township") appeal the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

**{¶2}** In 1988, Eaton and Grafton Township filed a petition to enjoin annexation and named Robert E. Logan, Clerk/Treasurer of Village of Grafton, and William C. Mullan, Agent for Petitioner the State of Ohio, as defendants. Eaton and Grafton Township sought to enjoin the State of Ohio's petition to annex certain territory in Eaton and Grafton Townships to the Village of Grafton.

**{¶3}** These proceedings resulted in a consent decree which was filed in the trial court in September 1988. It read:

The parties to this action, by and through their respective counsel, hereby stipulate and agree that:

1. This is a civil action for injunctive relief, alleging that errors were committed in proceedings before the Board of County Commissioners in Lorain County, concerning the petition for annexation of certain territory in Eaton and Grafton townships into the Village of Grafton. The territory at issue is owned by the State of Ohio and is utilized by the Department of Rehabilitation and Correction for correctional purposes. The territory originally described in the petition for annexation, and regarding which the proceedings before the County Commissioners were held, is fully described in Appendix 1.

2. The petition was filed on March 25, 1987, in which defendant William C. Mullan was named agent for the petitioner, State of Ohio. Public hearings were held by the Lorain County Board of County Commissioners on June 11, June 12, July 2, July 28, and August 18, 1987. Interested parties and any other person who so desired were afforded the opportunity to appear and be heard by the Board of county commissioners regarding this matter. Plaintiffs, through their counsel, appeared, presented evidence and argued before the Commissioners. On November 12, 1987, the Board of Commissioners issued a decision granting the petition. This decision was memorialized in Resolution No. 87-864, filed with defendant Robert E. Logan on November 12, 1987. The decision held that all requisites of Section 709.033 had been satisfied.

3. The instant petition for injunction was filed with the Court of Common Pleas for Lorain County on January 11, 1988, seeking to enjoin the presentation of the annexation petition to the Grafton legislative authority. This court has jurisdiction of the matter pursuant to Section 709.07 of the Revised Code.

4. Upon the full and informed consent of all parties to this litigation, in resolution of all claims asserted and relief sought herein, and following an open hearing before the court regarding the issues contained herein, it is hereby ORDERED ADJUDGED AND DECREED that the petition for injunction be and is hereby dismissed; and it is further PROVIDED:

A. The hearings before the Board of County Commissioners afforded a full, fair and impartial opportunity for any person to appear and address the Board.

B. The Decision and Order of the Board of Commissioners was reasonable and lawful; the Board of Commissioners did not commit error in the hearings or order; the annexation petition was properly filed with the County Auditor's office; the State of Ohio is an owner of the territory at issue, as defined in 709.02 R.C.; that adequate notice of the hearing was published as required by 709.031 R.C.; that the municipal corporation complied with 709.031(B) R.C.; that the territory to be annexed is not unreasonably large; that annexation is in the general good of the territory to be annexed; and that no material, relevant or prejudicial errors were [c]ommitted by the petitioner. [Sic.]

C. The Village of Grafton will enter into a separate contract for the allowance of the connection of certain township residents to the sewage treatment system of the Village of Grafton, upon such terms as may be agreed by those parties. This contract is incorporated herein by reference as if fully rewritten herein, and is hereby attached and made a part of this Consent Decree, and is binding upon all parties hereto and their successors in office. See Appendix 2. In the event that the consent of the Department of Rehabilitation and Correction or the Department of Administrative Services is necessary for such connection, the State shall not unreasonably withhold such consent.

D. The State of Ohio, Department of Rehabilitation and Correction will enter into a separate contract for the provision of fire protection services with Eaton and Grafton Township, at a cost of $250 per ambulance run and $350 per fire truck. This contract is incorporated herein as if fully rewritten herein, and is hereby attached and made a part of this Consent Decree, and is binding upon all parties hereto and their successors in office. See Appendix 3. Such services shall be provided pursuant to an consistent with the mutual aid compact between Eaton Township and Grafton Village (a copy of which is attached hereto as Appendix 4), upon and only upon the request of the Village of Grafton or the Ohio Department of Rehabilitation and Correction; Eaton and Grafton Townships shall not be liable or responsible in any way for any damage or loss occurring prior to a request for their assistance.

E. The territory to be annexed shall be reduced by a strip one hundred (100) feet in width around the perimeter of the property, except where the territory is contiguous with the Village of Grafton; this territory was fully subject to all notice and hearing requirements, and no person or party is in any way prejudiced by this modification. The territory as modified is described in the attached legal description and plat (see Appendix 5), the cost of which shall be borne equally by the State of Ohio, the Village of Grafton and the plaintiffs.

F. This consent Decree is agreed to by the Board of Commissioners, in witness whereof their signatures are affixed below. The Clerk of Courts will file a certified copy of the Decree with the Commissioners as approved by the [judge].

{¶4} In 2018 and 2019, the Village of Grafton purchased land, which included the 100-foot strip of land mentioned in the consent decree, from the State of Ohio. Thereafter, the Village of Grafton sought annexation of the land. In 2019, Eaton filed a "Motion for Declaratory Judgment for Temporary Restraining Order, Temporary and Permanent Injunction, and to Find the Village of Grafton in Contempt of the Consent Judgment Entry in this Case." The named defendants were the Village of Grafton and Mayor Dave Divencenzo ("the Mayor"),

agent for the Village of Grafton. Grafton Township was not named in the motion. Eaton alleged in the motion that provision 4E of the consent decree had been violated. It submitted two affidavits in support. The affiants averred that the annexation was in violation of the consent decree. Further, one of the affiants asserted that the consent decree was entered into by Eaton so that the Village of Grafton would not annex certain areas of Eaton and Grafton Townships to provide a barrier to annexation and that Eaton and Grafton Townships agreed to the consent decree to prevent future annexations of the land to the Village of Grafton. The trial court granted a stay of the county commissioners' consideration of the annexation petition until final disposition of the matter and further order of the trial court.

{¶5} The Village of Grafton and the Mayor opposed the motion. They maintained that section 4E did not contain any limitations on the future annexation of the property and Eaton's attempt to rely on an alleged oral agreement was unsupportable under the law. The Village of Grafton and the Mayor argued that the oral agreement, if it existed, would violate public policy as section 4E provided no notice of any future restrictions on the land and it would violate the Statute of Frauds. In addition, they asserted that because the 100-foot strip of land was removed from the annexation the land was not part of the consent decree and the trial court lacked continuing jurisdiction over it. The Village of Grafton and the Mayor also alleged that an objecting township has no ability to seek to enjoin a petition for annexation properly filed pursuant to R.C. 709.16(B).

{¶6} In reply, inter alia, Eaton argued that the consent decree was not a contract; thus, the statute of frauds was inapplicable. Eaton also maintained that the affiants' testimony should be accepted under an exception to the parol evidence rule, implying that section 4E of the consent decree was ambiguous.

{¶7}   Prior to trial, the Village of Grafton and the Mayor filed motions in limine to exclude any evidence related to the alleged oral agreement which would violate the statute of frauds and to exclude parol evidence.  An additional motion was filed to cancel the hearing, to convert it to argument only, or to prohibit testimony and evidence concerning the 100-foot strip of land that was removed from the trial court's jurisdiction.  Eaton opposed the motions.

{¶8}   The trial court granted the motion in limine with respect to the statute of frauds and appears to have found the other motions moot.

{¶9}   At the hearing on the matter, a representative from Grafton Township made an appearance and presented argument.  The trial court told the parties that it would not hear evidence outside of the decree as to what others thought the decree meant at the time.  Thus, it concluded that it would only hear argument concerning the actual language of the decree.  Eaton argued that absent construing the 100-foot strip of land as an ongoing barrier to annexation, Eaton and Grafton Townships would essentially receive no benefit from section 4E.

{¶10}  The trial court ultimately entered judgment denying Eaton's motion concluding that Eaton "failed to establish that Section 4(E) restricts annexation of the 100-foot section of land * * *."  In addition, the trial court lifted the stay.  Both Eaton and Grafton Township filed notices of appeal.  The appeals were subsequently consolidated.

{¶11}  Eaton moved this Court to stay the trial court's judgment, which this Court temporarily granted.  The Village of Grafton and the Mayor moved to dismiss the appeal arguing that annexation pursuant to R.C. 709.16(B) had taken place as the Lorain County Board of Commissioners was not advised of the temporary stay.  Thus, the Village of Grafton and the Mayor argued that Eaton's and Grafton's appeals were moot.  In response, Eaton asserted that annexation was not complete until the entry upon the journal of the board of the resolution

granting the annexation and that step had not yet been executed. *See* R.C. 709.16(B). This Court provisionally denied the motion to dismiss. Upon further review of the statute and the record, this Court now sees no basis to alter that determination.

{¶12} After attempts at mediation in this Court failed, we additionally issued two separate show cause orders to the parties. In the first, inter alia, this Court pointed out that the consent decree in the record did not include an Appendix 5, which is mentioned in section 4E. This Court questioned whether Appendix 5 was ever a part of the record or whether it was inadvertently omitted. In response, Eaton stated that "Appendix 5 was not a part of the record." Eaton indicated that "Appendix 5 was not a part of the record initially, as [Eaton was] unable to locate the document at the initiation of this proceeding, or subsequently." Eaton maintained it was unnecessary to the resolution of the appeal.

{¶13} In light of the response indicating that Appendix 5 was never a part of the record, this Court questioned whether the trial court lacked jurisdiction to enforce the consent decree based upon the law set forth in *Infinite Sec. Solutions, L.L.C. v. Karam Properties II, Ltd.,* 143 Ohio St.3d 346, 2015-Ohio-1101. Therein, the Supreme Court held that "[a] trial court has jurisdiction to enforce a settlement agreement after a case has been dismissed only if the dismissal entry incorporated the terms of the agreement or expressly stated that the court retained jurisdiction to enforce the agreement." *Id.* at syllabus. In response, Eaton reaffirmed that Appendix 5 could not be located but maintained that that did not necessarily mean that it was not part of the record at the time the consent decree was filed. Further, Eaton argued that the consent decree nonetheless contained all the terms of the agreement and therefore the trial court had jurisdiction over the matter. Grafton Township adopted Eaton's argument.

II.

## EATON ASSIGNMENT OF ERROR I

THE LORAIN COUNTY COURT OF COMMON PLEAS FAILED TO ADMIT EVIDENCE WHICH EXPLAINED THE MEANING OF RELEVANT PORTIONS OF THE 1988 CONSENT DECREE.

## EATON ASSIGNMENT OF ERROR II

SECTION 4(E) OF THE 1988 CONSENT DECREE SHOULD BE INTERPRETED AS A BAR TO FUTURE ANNEXATION ACTIONS BY THE VILLAGE OF GRAFTON VIA A DECLARATORY JUDGMENT. THE APPELLEE'S SUGGESTED INTERPRETATION OF SECTION 4(E) YIELDS AN ABSURD RESULT.

## GRAFTON TOWNSHIP ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DETERMINING THE 1998 CONSENT JUDGMENT ENTRY WAS NOT AMBIGUOUS AND THAT THE ENTRY LANGUAGE DID NOT CONTEMPLATE A 100-FOOT BARRIER AROUND THE ANNEXED PROPERTY WHICH WOULD SERVE AS A BARRIER TO PROTECT NEIGHBORING TOWNSHIPS FROM FUTURE ANNEXATION.

## GRAFTON TOWNSHIP ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN APPLYING THE STATUTE OF FRAUDS TO THE FACTS OF THIS CASE AND REFUSING TO ALLOW PLAINTIFF-APPELLANTS TO INTRODUCE TESTIMONY AS TO THE MEANING OF THE AMBIGUOUS LANGUAGE OF THE 1998 CONSENT JUDGMENT[.]

{¶14} Eaton and Grafton Township have each raised two assignments of error for our review. Eaton argues in its first assignment of error that the trial court erred in failing to hear evidence as to the meaning of section 4E of the consent decree. In so doing, it argues that the statute of frauds and the parol evidence rule do not apply to consent decrees. Grafton Township makes a similar argument in its second assignment of error. Eaton asserts in its second assignment of error that the trial court erred in failing to find via a declaration that section 4E provides for an ongoing barrier to annexation. Grafton Township argues in its first assignment

of error that the trial court erred in failing to find the consent decree ambiguous and in concluding that the decree did not contemplate an ongoing barrier to annexation.

{¶15} The trial court essentially determined that Eaton failed to meet its burden to establish its entitlement to relief. In doing so, it determined that section 4E does not prevent the Village of Grafton from further annexation of the 100-foot strip that was excluded from the consent decree. The trial court concluded that holding otherwise would be inconsistent with public policy as the public would not be on notice that further annexation was prohibited.

{¶16} This Court agrees that Eaton and Grafton Township have not demonstrated entitlement to relief; however, we do so on a different basis than the trial court. This Court has stated that "[a]n appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such an error is not prejudicial." *In re Estate of Baker*, 9th Dist. Lorain No. 07CA009113, 2007-Ohio-6549, ¶15.

{¶17} The provision at issue, 4E, states:

> The territory to be annexed shall be reduced by a strip one hundred (100) feet in width around the perimeter of the property, except where the territory is contiguous with the Village of Grafton; this territory was fully subject to all notice and hearing requirements, and no person or party is in any way prejudiced by this modification. The territory as modified is described in the attached legal description and plat (see Appendix 5), the cost of which shall be borne equally by the State of Ohio, the Village of Grafton and the plaintiffs.

{¶18} Eaton and Grafton Township maintain that section 4E creates a future barrier to annexation of the 100-foot strip and the Village of Grafton and the Mayor argue that the plain language of the provision does not support that claim. However, as discussed above, Appendix 5 is not in the record. Whether it was ever in the record is unclear, but the parties seem to agree that, at the very least, it was not in the record at the time the trial court ruled on Eaton's current

motion. Even assuming that the Appendix was part of the record when the consent decree was journalized and that the trial court thereby had jurisdiction to enforce the settlement agreement, *see Infinite Sec. Solutions, L.L.C.,* 143 Ohio St.3d 346, 2015-Ohio-1101, at syllabus, we are not convinced that Appendix 5 is irrelevant to resolving the issues raised by Eaton's motion. This is so, because we cannot know what Appendix 5 actually says or contains given its absence from the record. While it is described as a "legal description and plat[,]" section 4E also states that the territory as modified is described in Appendix 5. Perhaps, it clarifies the nature of the boundary created. If so, such information would be vital to demonstrating whether the Village of Grafton and the Mayor were in violation of the consent decree. In light of the incomplete record, we cannot say that Eaton demonstrated that the Village of Grafton and the Mayor violated the consent decree as the entirety of the contested provision was not before the trial court. Accordingly, Eaton and Grafton Township have not shown on appeal that the trial court erred. For this reason, Eaton's and Grafton Township's assignments of error are overruled. Given the foregoing, the stay that was previously issued is also lifted.

III.

{¶19} Eaton and Grafton Township's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ALBERT E. SCHRADER, Attorney at Law, for Appellant.

JAMES F. MATTHEW and TONYA J. ROGERS, Attorneys at Law, for Appellee.

GRETCHEN HOLDERMAN, Attorney at Law, for Appellee.

GERALD E. INNES, Assistant Prosecuting Attorney, for Appellee.